## 25337.   CRAIG *v.* CRAIG.

DECIDED JULY 7, 1936.

*James K. Rankin,* for plaintiff.

*John R. Strother, J. Wighlman Bowden,* for defendant.

JENKINS, P. J.   A wife, a resident of Illinois, sued her husband, now a resident of Georgia, for a $549.50 balance of monthly installments due under a separation agreement, dated June 18,

1928, and made when both resided in Illinois. The original petition alleged that the parties had separated before the execution of the contract, at which time her bill for divorce, temporary and permanent alimony for herself and minor child, and recovery of community property was pending in an Illinois court; that upon the execution of the contract she dismissed this suit, and has performed all her obligations under the contract; that the husband performed his obligations thereunder, paying the required $60 a month from June, 1928, until March, 1933, "at which time he began to pay her the sum of $40 per month only;" that such reduced monthly payments from that time to the time of filing suit were a breach of the contract, because of which she sues for the $20 a month deficiency for 26 months. She also sues for $29.50, "professional services of Dr. A. E. Dale from June, 1932, to January, 1935, rendered to the child," and alleges that "it has become necessary for petitioner to assume the payment of same." Under the contract, a copy of which is attached to the petition, the wife agreed to dismiss her pending bill of complaint, to "contract no bills of any kind on the credit of the defendant, and make no demand upon him for support, clothes, or maintenance, prior to January, 1930, outside of the conditions and terms of this agreement," and to join with the husband "in a mortgage on the residence property [of the husband] for such amount as he may be able to borrow on said property to pay the above amounts that he will have to pay by virtue of this settlement, including the refurnishing of the furniture for said home, not exceeding the amount of $3500." In addition to the $60 a month, beginning July 1, 1928, for the support of the wife and child, the husband agreed to "pay the doctor bills, if any," for said child, provided that "if any physicians are deemed necessary, outside of Dr. T. E. Walton and Dr. A. E. Dale, the defendant shall be consulted as to the employment of any other physicians;" and further agreed to allow the wife to have and remove as her separate property all the furniture then in their home, which had been bought and paid for by her or her sister out of their own funds, according to a description in an attached list. The contract further stated: "The complainant contemplates filing a suit for divorce against the defendant at the January term, 1930, or thereafter on the ground of desertion; and it is agreed that if a decree is granted

in such cause, the court may fix the amount for maintenance and support of the complainant and said child to the same extent as if this agreement had not been made, and the complainant agrees not ,to file any bill for divorce against the defendant before the January term, 1930, and that she shall not make the charge at that time of adultery or cruelty, unless the charge of desertion is resisted by the defendant." Other than as indicated, it does not appear how long the separation agreement and stipulated monthly payments were to continue. In an amendment to the petition it was alleged that the parties have continued in their state of separation without either offering to resume the marital relationship; that the custody of the child has at all times remained with the wife; that she has never filed any suit for divorce or made any contract or arrangement with the husband for maintenance and support other than by the original contract; that neither party has moved to set aside or rescind such contract, or to do any other act which would terminate its obligations; that the wife has never assented to any modification or reduction in the agreed monthly installments; and that she and the child are dependent on the defendant for their maintenance and support. Without passing on the special grounds, the court sustained a general demurrer to the petition, on two grounds: that it stated no cause of action, and that the contract was "vague, uncertain, and ambiguous," and for that reason was "incapable of enforcement."

■ Marriage is encouraged by the law, and every effort to restrain or discourage marriage by contract, condition, limitation, or otherwise is invalid and void. Code, § 53-107. Therefore any agreement between husband and wife, before a separation, that they will live separate and apart, or that either or both will obtain a divorce, and any agreement otherwise to promote a dissolution of the marriage relation, is against public policy and void, and a consideration founded thereon is illegal. *Birch* v. *Anthony,* 109 *Ga.* 349 (34 S. E. 561, 77 Am. St. R. 379); Hamilton *v.* Hamilton, 89 Ill. 349 (2); Spalding *v.* White, 184 Ill. App. 217; Clark on Contracts, 382. But "A contract between husband and wife, providing for the wife's maintenance, made after a separation has taken place, is valid and enforceable." *Watson* v. *Burnley,* 150 *Ga.* 460, 463 (104 S. E. 220), and cit. The fact that the wife, in the separation agreement which provided a monthly

amount for the support of herself and a minor child, agreed to dismiss a pending bill for divorce and permanent alimony, and that the agreement merely recited that she *"contemplates"* filing a new bill for divorce by a date stated "or thereafter," in which she would not charge adultery or cruelty unless the charge of desertion was resisted, would not invalidate the agreement for the support of the wife and child, or render her petition, suing on the contract, subject to general demurrer, where it did not appear that the wife obligated herself by any positive undertaking to file a new bill for divorce, or that the filing of a new bill formed any part of the consideration for the undertaking of the husband to furnish support and maintenance, or that the ground of desertion was untrue; and where it only appeared that the wife dismissed her bill which had already been filed, and never filed any other, and that both parties fully observed their obligations under the contract for nearly four years, until the alleged breach by the husband.

■ The allegations of the petition, suing for a balance past due under the separation agreement, as to the husband's payment and the wife's receipt, for 26 months before the filing of the petition, of $20 less than the $60 stipulated in the agreement, do not necessarily show as a matter of law a mutual departure from the terms of the contract, such as would evoke, under the holding in *Hasbrouck* v. *Bondurant*, 127 *Ga.* 220 (2) (56 S. E. 241), an application of the rule as to departures from contracts (Code, § 20-116), with the result that, until a reasonable notice by the wife to the husband that she intended "to rely on the exact terms of the agreement," the departure would constitute "a quasi new agreement." See *Kennesaw Guano Co.* v. *Miles*, 132 *Ga.* 763, 770 (64 S. E. 1087); *Young* v. *Durham*, 15 *Ga. App.* 678 (84 S. E. 165). The question whether there has been any mutual temporary disregard of the terms of a written contract, as contemplated by the Code, being ordinarily one of fact for the jury in the light of testimony as to the statements and conduct of the parties, such a question can not, under the bare facts disclosed by the petition, be determined as a matter of law on demurrer. *Mauldin* v. *Gainey*, 15 *Ga. App.* 353 (83 S. E. 276).

■ A wife in this State has a right to support for herself and minor children by the husband during separation, in the absence

of her misconduct as provided by statute. Code, §§ 53-508, 30-215. She has the right to sue her husband, residing in this State, for alimony, after a voluntary separation, without suing for a divorce and without the necessity of showing a legal residence as required in a suit for divorce. Code, §§ 30-210, 30-212, 30-213; *Lee* v. *Lee,* 154 *Ga.* 820 (115 S. E. 493). In case of a voluntary separation or abandonment by the husband, "the husband may voluntarily, by deed, make an adequate provision for the support and maintenance of his wife, consistent with his means and her former circumstances, which shall be a bar to her right to permanent alimony." Code § 30-211. The law of Illinois, where the contract was made, in the absence of any showing to the contrary, will be taken as not contrary to our own. See *Southern Express Co.* v. *Hanaw,* 134 *Ga.* 445 (7) (67 S. E. 944, 137 Am. St. R. 227). Therefore the promise of the husband to pay the stipulated monthly amounts for the support of the wife and his minor child until a decree otherwise might be made, independently of such agreement, was not invalid as a nudum pactum unsupported by any consideration from the wife. Moreover, the obligations expressly undertaken in the contract by the wife constituted a sufficient valuable consideration.

■ The contract was not so "vague, uncertain, and ambiguous" as to be "incapable of enforcement," because it failed to state in terms the date when the monthly payments by the husband would terminate. Reasonably and properly construed, the intent and purpose of the agreement, under its provisions and the averments of the petition, were that it should remain effective unless and until there should be a contrary decree as to maintenance and support, or the wife remarried or became deceased, or the minor child became of age.

■ The husband expressly undertaking to pay for medical services to his child by the two physicians named in the contract, and the wife alleging that the $29.50 sued for represented the cost of such services by one of these physicians, the payment of which she assumed, this averment of the petition was not subject to the demurrer.

■ For the reasons stated, it was error to sustain the general demurrer to the petition.

*Judgment reversed. Stephens and Sutton, JJ., concur.*