36037. B. C. TRUCK LINES, INC. *v.* KELLEY.

Decided March 13, 1956.

530

*J. R. Terrell, Jr.*, for plaintiff in error.

*William P. Trotter, Kenneth E. Goolsby, Jack D. Evans*, contra.

FELTON, C. J.  1.  The plaintiff owned a certain truck.  On June 9, 1952, plaintiff and defendant entered into a written lease contract whereby plaintiff was to haul freight in the truck at the instance and direction of defendant.  Under the terms of the contract plaintiff was to receive 70% of whatever amount defendant received for each load hauled by defendant in plaintiff's truck. Beginning on March 26, 1953, and continuing intermittently through January 17, 1955, defendant began to deduct 40% of the gross freight charges from certain of the manifests allowing plaintiff only 60% as his commission instead of the 70% as provided in the written contract.  It is for the 10% difference that plaintiff sues.

Defendant admitted the written contract and that it was on a 70%-30% basis but contended that there had been a mutual departure as to the written contract and that plaintiff and defendant operated on a 60%-40% basis on "less than truck-load" shipments.  It is not disputed that on such shipments defendant deducted 10% from the plaintiff's 70% but it is contended that plaintiff knew of such deductions, why they were deducted and had acquiesced therein.  Defendant's agents testified that plaintiff was told that due to operating expense either he would have to operate under the 60%-40% basis or no longer haul for defendant.  Plaintiff denied this.

The question boils down to whether the evidence authorized the verdict for plaintiff.  We think it did.  Plaintiff testified that he thought that the 10% was being withheld by the company for

his benefit to be applied on a stock-purchase plan. He testified that certain described papers were posted on the company's bulletin board which led him to believe that the 10% was so being withheld for his benefit and that for this reason he made no protest of the withholding. The evidence was undisputed that when defendant requested plaintiff to amend the written lease contract to provide for the 60%-40% basis, plaintiff refused and plaintiff and defendant severed connections. "Mutual disregard of an executory contract, so as to change a provision regarding the division of profits between parties, is not accomplished by the intention of only one of the parties thereof to treat the stipulation as no longer binding, without the concurrence of the other party." The mere acceptance of a lesser amount in and of itself does not show a mutual departure. *Craig* v. *Craig*, 53 *Ga. App.* 632, 635 (2) (186 S. E. 755). The evidence was in direct conflict and the jury had the right to believe plaintiff's testimony and evidence and were authorized to find that there had been no mutual departure from the contract.

2. The only special ground of the amended motion for new trial complains that the court erred in refusing to give the following requested charge: "Gentlemen of the jury, I charge you that under the law where parties enter into a contract where the parties by agreement or by conduct and acquiescence depart from the terms of that contract and pay or receive benefits under such departure with knowledge of such departure that a new agreement is made in lieu of the original agreement and neither party can recover for any breach of or departure from the contract as originally entered into by them.

"I charge you further that where the terms of a contract are thus departed from, before either can recover for failure to pursue the letter of the agreement reasonable notice must be given the other of intention to rely on the exact terms of the agreement, but I charge you that no recovery can be had by the party giving such notice for any breach or departure from the strict terms of the contract prior to giving such reasonable notice to the other party."

The ground is without merit. The first portion of the requested charge was fully covered in the court's charge. The second portion of the requested charge was not adjusted to the issues and

evidence. Notice of intention to require strict compliance with the written contract after a mutual departure therefrom was not involved. There was no evidence or contention concerning such notice. The sole issue under the evidence was whether there had been a mutual departure up until the day plaintiff and defendant severed connection. In view of this the court did not err in refusing to give the requested charge.

The court did not err in denying the amended motion for new trial.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*