52997. SMITH et al. v. SOCIETY NATIONAL BANK.

QUILLIAN, Presiding Judge.

The plaintiff brought an action on an installment contract and security agreement seeking possession of a certain mobile home and alleging an unpaid balance due under such contract of $8,469.72. The defendants answered, denying the material allegations of the complaint, and contending that the contract was void because it violated, in several stated ways, the Truth in Lending Act. USCA § 15-1601 et seq.

Trial was had before a judge, without a jury, who entered an order finding that the plaintiff was entitled to possession. Defendants appealed. *Held:*

1. There is here no question raised as to the lender's giving notice of the election to declare the entire indebtedness due and seeking possession of the property. See *C & S Motors, Inc. v. Davidson,* 133 Ga. App. 891 (212 SE2d 502); *Ford Motor Credit Co. v. Milline,* 137 Ga. App. 585 (224 SE2d 437). As held in *Pape v. Woolford Realty*

*Co.,* 35 Ga. App. 284 (2) (134 SE 174), the filing of suit upon the entire debt amounted to such election. Accord, *Board of Education v. Day,* 128 Ga. 156 (6) (57 SE 359); *Lee v. O'Quinn,* 184 Ga. 44, 45 (190 SE 564).

2. The only defense to the action for possession involves alleged violations of the Truth in Lending Act. USCA § 15-1601 et seq. Violations of that Act give rise to the remedies therein prescribed (§ 15-1640) and do not serve to invalidate the contract and thus, in this case to prevent the lender from repossessing the property. As held in Grandway Credit Corp. v. Brown, 295 S2d 714, 715 (Fla.) the Truth in Lending Act provides for "its own penalties upon violation thereof (15 U. S. C. A. § 1640) and does not affect the validity or enforceability of valid legal obligations." Accord, Burgess v. Charlottesville S. & L. Assn., 477 F2d 40, 45; Charter Finance Co. v. Henderson, 60 Ill. 2d 323 (326 NE2d 372, 376).

The purported violations of the Truth in Lending Act did not constitute a viable defense to the writ of possession.

3. The enumerations of error raised the question as to the sufficiency of the evidence. Hence, although not specifically treated by counsel for appellants we consider the question as to an acceleration clause which here provided: "If Buyer fails to pay the Total of Payments or any part thereof when due or fails to comply with any of the other terms or conditions of this agreement, the entire unpaid balance shall at holder's election, without notice, become immediately due and payable."

In *Reese v. Termplan, Inc., Bolton,* 125 Ga. App. 473, 475 (188 SE2d 177), and *Garrett v. G. A. C. Finance Corp.,* 129 Ga. App. 96 (198 SE2d 717), similar language was found to illegally impose unearned interest upon the borrower. In this case the trial judge found (finding of fact no. 3): "That defendants are indebted to Plaintiff in the sum of $8,469.72 which amount is past due."

The sale of a mobile home comes within the provisions of the Motor Vehicle Sales Finance Act (Ga. L. 1967, p. 674; Code Ann. Ch. 96-10). *Holder v. Brock,* 129 Ga. App. 732 (3) (200 SE2d 912)). Since the $8,469.72 would include unearned interest sufficient to apply the penalty provisions of Code Ann. § 96-1008 (Ga. L. 1967, pp. 674,

683), (see Code Ann. § 96-1004; Ga. L. 1967, pp. 674, 679; 1970, pp. 101, 103), finding of fact no. 3 was not sustained by the evidence and was error per se.

The ruling by the trial judge granting possession to the plaintiff is sustainable. Nevertheless, corrective action is deemed advisable as to finding of fact no. 3 because of its possible binding effect in a subsequent proceeding or action involving these parties.

The judgment is therefore reversed with direction that the trial judge make a new finding as to the amount owed under the contract in conformity with this opinion.

*Judgment affirmed in part and reversed in part with direction. Marshall and McMurray, JJ., concur.*

Submitted November 3, 1976 — Decided January 12, 1977.

*Edge & Edge, John D. Edge,* for appellants.
*Jefferson L. Davis, Jr.,* for appellee.