## 55546. GOOD HOUSEKEEPING SHOP v. HINES.

BIRDSONG, Judge.

Appellant brought suit against appellee, alleging an account indebtedness arising out of four retail installment sales contracts. Appellee answered, setting forth affirmative defenses, denying any indebtedness, and counterclaimed, alleging that the contracts sued upon were in violation of certain regulations established by the Truth in Lending Act, 15 USCA, § 1601 et seq., thereby entitling appellee to the civil remedies afforded by 15 USCA, § 1640. The trial court denied appellant's motion for summary judgment as to the account indebtedness and granted appellee's motion for summary judgment as to her counterclaim, reserving for jury determination the issue of reasonable attorney fees pursuant to 15 USCA, § 1640. *Held:*

1. Inasmuch as issues of fact remained as to the existence, amount, and applicability of pleaded defenses to the alleged account indebtedness, the trial court's denial of appellant's motion for summary judgment as to these issues were proper. *Lewis v. C & S Nat. Bank,* 139 Ga. App. 855 (229 SE2d 765).

2. The Truth in Lending issue raised by appellee's counterclaim involves ". . . the complex disclosure requirements of the Truth in Lending Act and the regulations promulgated therewith. 15 USCA § 1601 et seq. and Federal Reserve Board Regulation Z, 12 CFR § 226.1 et seq." *Pennino v. Morris Kirschman & Co.,* 526 F2d 367, 369 (5th Cir. 1976). Appellant contends that the nomenclature requirements of 12 CFR § 226.8, subsections (b)(3) ("total of payments"), (c) (1) ("cash price") 226 (c) (3) ("unpaid balance of cash price"), and (c) (7) ("amount financed"), are general rather than specific,

and that strict compliance therewith is not required. However, this contention is controlled adversely by Pennino v. Morris Kirschman & Co., supra, where it was stated by Attorney General (then Judge) Bell: "The requirements of § 226.7 (b) (9) are quite technical, but Congress did not intend creditors to escape liability where only technical violations were involved [failure to use the term "new balance"]. As stated in Powers v. Sims & Levin Realtors (E.D. Va. 1975), 396 FSupp. 12, 20 (failure to use the term "finance charge") [sic]. 'Indeed, the technical requirements of the Act must be strictly enforced if the goal of standardization of terms, which is a requisite if consumers are to be able to make meaningful comparison of available credit alternatives, is to be achieved.'" Id., p. 370.

This court agrees with the position taken in Pennino and therefore finds that appellant's failure to comply strictly with the above-cited nomenclature requirements of the Truth in Lending Act constitutes violation thereof. See Houston v. Atlanta Fed. Savings &c. Assn., 414 F Supp. 851 (N. D. Ga. 1976). The trial court did not err in granting summary judgment as to appellee's counterclaim.

3. Appellant contends that the trial court erred in failing to grant its writ of possession. The undisputed evidence shows that, at the time appellant sought to foreclose its security interest, appellee was not "in default" for the reason that the amount owing on the contract was offset by the amount of the finance charge, as discussed in Division 2. *Smith v. Society Nat. Bank,* 143 Ga. App. 370 (238 SE2d 739); *Harrison v. Goodyear Serv. Stores,* 137 Ga. App. 223 (223 SE2d 261). Appellant's application to foreclose was therefore premature, and the trial court did not err in failing to grant the writ of possession.

4. Where a creditor has failed to comply with the requirements of the Truth in Lending Act, a debtor injured thereby is entitled "in the case of any successful action to enforce the foregoing liability, [to] the costs of the action together with a reasonable attorney's fee as determined by the court." 15 USCA § 1640(a) (2). Therefore, the determination of reasonable attorney fees

is for the court. See Philbeck v. Timmers Chev., 361 F Supp. 1255, D. C. Ga. 1973, rev'd. on other grounds, 449 F 2d 971, reh. den., 502 F 2d 1167. Accordingly, that part of the judgment of the trial court reserving the determination of attorney fees for the jury is reversed with direction that the court conduct a hearing at which the amount of costs and reasonable attorney fees shall be determined, based upon proper evidence establishing same.

*Judgment affirmed in part, reversed in part with direction. Bell, C. J., and Shulman, J., concur.*

ARGUED FEBRUARY 28, 1978 — DECIDED JUNE 20, 1978 — REHEARING DENIED JULY 14, 1978 —

*John Genins,* for appellant.
*Ralph Goldberg,* for appellee.