## 57542, 57543. GOOD HOUSEKEEPING SHOPS v. HINES; and vice versa.

BIRDSONG, Judge.

This is the second appearance of this case. See *Good Housekeeping Shops v. Hines,* 146 Ga. App. 713 (247 SE2d 142).

A summary of the proceedings is necessary for a proper consideration of the issues presented. This requires us to take judicial notice of the record in the prior appearance as the notice of appeal in this case directed the omission of that material. *Roberts v. Roberts,* 201 Ga. 357, 359 (39 SE2d 749). Plaintiff filed a petition for a writ of possession of personalty purchased via four title retention contracts under Code § 67-702. The defendant was served. She answered and counterclaimed within the seven days allowed by Code § 67-703. As a defense to the four contracts, defendant alleged in the answer that the contracts, which were executed in Michigan, were in violation of the Michigan Retail Installment Sales Act which Act prevented the collection of any finance charge and that defendant was entitled to offset the finance charge against any amount owed; and that defendant was entitled to "reasonable attorney fees for defending the action." The counterclaims alleged violations of the Truth in Lending Act, 15 USCA § 1601 et seq., thereby entitling defendant to the civil remedies afforded by 15 USCA § 1640. Plaintiff thereafter amended its petition by which a money judgment for the principle due on the contract was sought plus attorney fees for bad faith and stubborn litigiousness. The trial court denied plaintiff's motion for summary judgment and granted defendant's motion for summary judgment on the four counterclaims for respective amounts as to each Truth in Lending violation but reserved for jury determination the issue of reasonable attorney fees as authorized under 15 USCA §

1640 (a) (3). These judgments were reviewed in the prior appearance. We affirmed the denial of plaintiff's summary judgment; the grant of defendant's motion for summary judgment for the Truth in Lending violations, but we also reversed that part of the judgment reserving the attorney fees issue for jury determination holding that under the statute the court determines the attorney fees question. We also held that the trial court did not err in failing to grant the writ of possession as it was premature as defendant was then not "in default." *Good Housekeeping Shops v. Hines,* supra. After the return of the case to the trial court, defendant moved for summary judgment on her claim under the "Michigan Retail Installment Act as plaintiff charged usurious interest as a matter of law"; and moved for summary judgment on plaintiff's breach of contract "cause of action charging bad faith, etc. . . ." Defendant also moved to dismiss the petition for writ of possession and to dismiss plaintiff's "cause of action regarding breach of contract . . ." Lastly, defendant moved for a hearing on reasonable attorney fees. A hearing was held by the court in which evidence on the issue of attorney fees was received. On the day of the hearing, plaintiff filed another amendment alleging fraud. The court entered an order dismissing the petition for writ of possession and plaintiff's amended claims. The court further granted summary judgment to defendant preventing recovery of a finance charge in the amount of $422 on the four installment contracts. The court lastly ordered plaintiff to pay $1,755 attorney fees for "all time spent in this action pursuant to 15 USCA § 1640 (a) . . ." Plaintiff has appealed and defendant has cross appealed. *Held:*

*The Main Appeal — Case No. 57541*

1. The plaintiff contends that the trial court erred in dismissing the petition for writ of possession. In our earlier decision, we held that at the time plaintiff sought to foreclose defendant was not in default for the reason that the amount due on the contracts was offset by the amount of the recovery for the Truth in Lending violations, and therefore, the petition for writ of possession was premature. We did not direct that the petition be dismissed. The petition was filed in August,

1976. The first order was entered in October, 1977. Our judgment was entered June 20, 1978. The instant judgment was entered on November 2, 1978. All of the payments due on contracts were to have been completely paid by March or April, 1978. Plaintiff contended at the second hearing that defendant had made no payments on the contract since "leaving Detroit, Michigan." There are admissions of fact by defendant contained in the record showing that she was in default. There is no evidence that at the time of the second judgment the defendant was not in default. The Truth in Lending offset on which we based our prior decision would not offset any amounts since accrued and past due. See Code § 67-705 (1). While the petition for writ of possession was premature at the time of the first judgment in this case, the evidence and the inferences show that at the time of the rendition of the second order, defendant was in default. The petition at the time of the second hearing and order still had viability and was not subject to dismissal for being premature.

2. The original petition for writ of possession was filed in August, 1976, and the summons was personally served in accordance with Code § 67-703. Plaintiff, on October 10, 1977, filed the first amendment to its pleading and made claim for recovery of the alleged principal amount due, to wit, $1,826.40 plus attorney fees and expenses of litigation for defendant's bad faith and stubborn litigiousness. On October 28, 1978, plaintiff filed another amendment alleging that defendant had committed fraud on plaintiff by entering into the contracts with no intention of making the payments thereon. The trial court dismissed both amendments on the authority of *Porter v. Midland-Guardian Co.*, 242 Ga. 1 (247 SE2d 743), a case decided since our first judgment. *Porter* held that "a claim for the indebtedness, whether filed in a separate action or in the same action as a foreclosure proceeding under Code Ann. Ch. 67-7, must stand or fall upon the principles set forth in the Civil Practice Act, including, but not limited to, process and service of process, and may not be 'piggy backed' into court using the special rules applicable to foreclosure actions under Code Ann. Ch. 67-7." Plaintiff's independent claims for indebtedness entered this foreclosure

proceeding via amended pleadings. A pleading may be amended as a matter of course at any time prior to the entry of pre-trial order. CPA § 15 (Code Ann. § 81A-115). A pre-trial order has not been entered. The first amendment was served on defendant's attorney by mail and the second by hand delivery to the attorney. This service complied with CPA § 5 (b) (Code Ann. § 81A-105 (b)). Therefore, under the *Porter* holding, the injection of the claims into this foreclosure proceeding was in accord with the Civil Practice Act and the court erred in dismissing them on this ground.

3. Defendant pleaded as a *defense* to the petition for writ of possession that the four contracts were violative of the Michigan Retail Installment Act and as a result, precluded plaintiff from recovering any finance charge, and that defendant was entitled to offset that amount against any amount owed and was further entitled to reasonable attorney fees for defending the action. The trial court in its order held that plaintiff had violated the Michigan Act and could not recover $422.20 interest or finance charge on these contracts. The Michigan Act provides in part: "Any seller who enters into any contract or agreement which does not comply with the provisions of this act or who violates any provision of this act except as a result of accidental or bona fide error is barred from the recovery of any time price differential, any official fees, delinquency or collection charge, attorney fees or court costs and the buyer shall be entitled to recover his reasonable attorney fees and court costs from the seller or his assigns..." Mich. Statutes Ann. § 19.416 (118). This provision as applicable to these contracts is a matter of defense which by its plain terms bars recovery only for time price differential, etc., but not the principal balance due. The defendant moved for summary judgment on her "cause of action" under the Michigan Act and thus had the burden of proof. There is no evidence of any violations of the Michigan Act with reference to these contracts. We also point out that the Michigan statute states that accidental or bona fide error resulting in a violation of the statute is excepted on the question of barring recovery of a time price differential. The trial court stated in its order that the "Plaintiff offered no affidavit or evidence to show

that the overcharge was accidental or resulting from bona fide error." The defendant as the movant not only had the burden to show the violations but to show the lack of accident or bona fide error. As she did not sustain this burden, plaintiff was not required to come forth with anything to the contrary showing accident or bona fide error. The grant of summary judgment to defendant on this aspect of the case was erroneous.

4. The trial court awarded attorney fees under 15 USCA § 1640 (a) (3) for all time spent which included the Truth in Lending counterclaims, "Plaintiff's action, and the Michigan Retail Installment Act." Plaintiff states that defendant was only entitled to recover for attorney fees for the time spent on the counterclaims for the Truth in Lending violations. We agree. The Truth in Lending Act authorizes separate remedies for violations of the Act and purported violations of this statute do not constitute a viable defense to a petition for writ of possession nor does it affect the validity or enforceability of valid legal obligations. *Smith v. Society Nat. Bank,* 141 Ga. App. 19 (232 SE2d 367). The recovery of attorney fees must be restricted to counsel for defendant's efforts in prosecuting the Truth in Lending counterclaims. While attorney fees are recoverable for defending the claims on the four contracts under the Michigan statute, no recovery can be had here as that phase of this suit has not been reached. See Division 3, supra.

*The Cross Appeal — Case No. 57542*

5. Evidence was received on the question of attorney fees. Defendant's attorney testified that he spent 58.5 hours on this case to include the first appeal and the attorney fees hearing. He also testified that he had contracted with defendant on a contingent fee basis; that if plaintiff prevailed his only fee would be court-awarded fees under 15 USCA § 1640 (a) (3). There was evidence showing that the customary billing fee per hour for Truth in Lending cases by attorneys in the Atlanta area was in the range of $50 to $65. The trial court awarded $1,755, or $30 per hour. The trial court, in assessing the amount, considered the guidelines or standards for determining assessment of reasonable attorney fees set forth in Johnson v. Ga. Highway Express, 488 F2d 714 (5th Cir.

1974). One of those guidelines was the customary fee for similar work in the community. The trial court in its order stated: "(5) *Customary Fee. Johnson* discusses minimum fee schedules which the Supreme Court has since ruled illegal. Accordingly, this factor was not considered." There was no evidence of any minimum fee schedules in this case. Apparently, the trial court was referring to the case of Goldfarb v. Va. State Bar, 421 U. S. 773 (95 SC 2004, 44 LE2d 572) wherein the Supreme Court held that the minimum fee schedules of a county bar association as enforced by the State Bar of Virginia to be in violation of the Sherman Act (15 USC 1). The evidence of the customary hourly billing rate which was not a minimum fee schedule would not fall within the Goldfarb holding. The guidelines in Johnson are not binding on us. *Roberts v. Allied Fin. Co.,* 129 Ga. App. 10, 13 (198 SE2d 416). Nonetheless, we adopt and hold that the customary fee in assessing attorney fees is a proper standard and the trial court erred in not considering the evidence of the hourly rate. There is no evidentiary basis in the record for the trial court to assess attorney fees in this case at $30 per hour.

*Judgment reversed as to the main appeal and cross appeal. Quillian, P. J., and Smith, J., concur.*

ARGUED APRIL 4, 1979 — DECIDED MAY 8, 1979 — REHEARING DENIED JUNE 7, 1979 —

*John R. Genins,* for appellant.
*Ralph Goldberg, Frank Derrickson,* for appellee.