## 58121. FIRST CITIZENS BANK & TRUST COMPANY OF SOUTH CAROLINA v. OWINGS.

QUILLIAN, Presiding Judge.

The plaintiff bank appeals from an adverse judgment rendered in a foreclosure proceeding instituted by it. Alleging a default, the plaintiff filed a claim seeking to foreclose on certain automobiles under the terms of two security agreements. The defendant, by answer, denied the material allegations of the complaint and set up affirmative defenses to the two security agreements. The defendant also counterclaimed alleging the agreement contained Truth in Lending violations, 15 USC § 1601 et seq.

The plaintiff filed an affidavit and moved for summary judgment both as to its claim and as to the defendant's counterclaim. After a hearing, the trial judge

entered an order which recited "On motion for summary judgment, the parties stipulated that only one payment of $147.06 had been made on one note and none on the other, and further stipulated that the sole defense to the petition for writ of possession was whether the plaintiff had violated the Truth in Lending Act. If the plaintiff had violated the Act, the statutory penalties due defendant under the Act ($1,000 per contract for a total of $2,000) would more than offset the payments past due at the time of filing ($294.12 under one note and $788.91 under the other)." The trial judge in scholarly consideration of the relevant authority found that "The Court finds that the plaintiff did violate the Truth in Lending Act by failing to disclose that it was taking a 'security interest' in unearned property insurance premiums which might be due the debtor upon termination of insurance coverage." The order determined "The penalty for violation of the Truth in Lending Act is double the finance charge imposed in the transaction, with a minimum recovery of $100 and a maximum of $1,000 per transaction. 15 USC § 1640 (a)(2)(A). The defendant here is entitled to an offset of $1,000 on each contract, for a total of $2,000. Also, the defendant is entitled to the award of reasonable attorney fees as determined by the court. 15 USC § 1640 (a)(3).

"As the Truth in Lending penalties more than offset any amount owing on the contracts at the time of filing the affidavit for writ of possession, the defendant was not in default at the time the plaintiff sought to foreclose its security interest. Plaintiff's petition to foreclose was therefore premature and must be denied. *Good Housekeeping Shop v. Hines,* 146 Ga. App. 713 (1978)." It then concluded "it is hereby ordered that judgment is rendered in favor of defendant against plaintiffs denying plaintiff's petition for writ of possession and granting defendant's counterclaim for $2000, which amount is to be offset against the amounts owing by defendant on the contracts." *Held:*

1. The parties stipulated the sole defense to the petition for writ of possession was whether the plaintiff had violated the Truth in Lending Act. In *Smith v. Society Nat. Bank,* 141 Ga. App. 19, 20 (2) (232 SE2d 367) we held "the only defense to the action for possession involves

alleged violations of the Truth in Lending Act. USCA § 15-1601 et seq. Violations of that Act give rise to the remedies therein prescribed (§ 15-1640) and do not serve to invalidate the contract and thus, in this case to prevent the lender from repossessing the property. As held in *Grandway Credit Corp. v. Brown,* 295 S2d 714, 715 (Fla.) the Truth in Lending Act provides for 'its own penalties upon violation thereof (15 USCA § 1640) and does not affect the validity or enforceability of valid legal obligations.' " Accord, *Good Housekeeping Shop v. Hines,* 150 Ga. App. 240. A violation of the Truth in Lending Act would therefore constitute no defense to the foreclosure proceedings.

The fact that the defendant might recover a sum from the plaintiff for violation of Truth in Lending might be utilized to offset the entire debt owed but would not alter the fact that a default occurred nor in any way serve to prevent the plaintiff from proceeding with foreclosure. The default under the contract and the violation under the Act are entirely separate and distinct. Under the contract a default occurred when payment was not timely made or when the lender deemed itself insecure. When payment was not made there was a default even though the borrower might have had ample funds to make the payment.

Here, the borrower was in default at the time in question. The fact that he might subsequently be found entitled to recover a sum from the lender would not alter the fait accompli, the default. See for example 59 CJS 784, Mortgages, § 495 (3) b; 55 AmJur2d 425, Mortgages, § 377.

In *Good Housekeeping Shop v. Hines,* 146 Ga. App. 713 (3) (247 SE2d 142) this court permitted the retroactive applications of amounts due for a violation of Truth in Lending as against payments previously due and not made. It was there stated "the undisputed evidence shows that, at the time appellant sought to foreclose its security interest, appellee was not 'in default' for the reason that the amount owing on the contract was offset by the amount of the finance charge, as discussed in Division 2. *Smith v. Society Nat. Bank,* 143 Ga. App. 370 (238 SE2d 739); *Harrison v. Goodyear Serv. Stores,* 137

Ga. App. 223 (223 SE2d 261). Appellant's application to foreclose was therefore premature." The effect of that holding was to allow violations of Truth in Lending to be used as a defense to foreclosure. However, as we construe it, that is not the purpose of the Federal Act.

The cases cited in *Good Housekeeping Shop v. Hines,* 146 Ga. App. 713, 714 (247 SE2d 142) do not sustain the holding therein made. In *Harrison v. Goodyear Serv. Stores,* 137 Ga. App. 223, supra, there was a violation of Code Ann. § 96-910(b) which resulted in a *forfeiture of the interest provided in the contract.* This in turn resulted in a recomputation of the amount owed per payment and of the total amount owed at the time of default. In *Harrison* supra, this court found after deducting interest the payments made were sufficient and no default had occurred. In *Smith v. Society Nat. Bank,* 141 Ga. App. 19 (232 SE2d 367) and *Smith v. Society Nat. Bank,* 143 Ga. App. 370, supra, we permitted a foreclosure but required the trial court to reduce the total amount owed by the forfeited interest. In the *Smith* cases we did not utilize the *Harrison* rationale with regard to ascertaining whether a default occurred.

Code Ann. § 96-910 (b) deals specifically with the terms of the contract. Truth in Lending violations have no direct effect on the contractual terms of payment. Thus, cases involving Code Ann. § 96-910 (b) are not authority regarding Truth in Lending situations.

In *Good Housekeeping,* 150 Ga. App. 240, supra, the first *Good Housekeeping* case, 146 Ga. App. 713, supra, was cited with approval and the author of this opinion concurred. As has been pointed out, the first *Smith* case, 141 Ga. App. 19, supra, and the first *Good Housekeeping* cases are in conflict. After re-examination of the issues, the members of this court are convinced that *Smith* is the sounder view. Thus, in order to eliminate confusion caused by this court and for the benefit of the bench and bar, we overrule the holding of third division of *Good Housekeeping,* 146 Ga. App. 713, 714 (3), as well as any other holdings to that effect.

The parties having stipulated the sole defenses to foreclosure were violations of Truth in Lending, there were no defenses and the trial judge erred in entering

judgment dismissing the plaintiff's claim.

2. The loan agreements contained a clause which provided "that the proceeds of any insurance, whether paid by reason of loss, injury, return premium or otherwise, shall be applied toward the repair or replacement of the property or payment of the obligation secured by this Agreement at the option of the Bank." Applying the ruling of three federal cases, Gennuso v. Commercial Bank & Trust Co., 566 F2d 437; Edmondson v. Allen-Russell Ford, Inc., 577 F2d 291; and Shanks v. Greenbriar Dodge, Inc., 577 F2d 296, the trial court found that the provisions were a security interest which should have been disclosed.

Assuming arguendo that this ruling was correct, summary judgment for the defendant was not proper. As movant, the defendant, had the burden of establishing there is no genuine issue of material fact, regardless of which side would have the burden of proof at trial, and such burden "rests on him whether he is by it required to show the existence or non-existence of facts." *Werbin & Tenenbaum, Inc. v. Heard,* 121 Ga. App. 147 (2) (173 SE2d 114). Accord, *Chastain v. Atlanta Gas Light Co.,* 122 Ga. App. 90 (3) (176 SE2d 487).

Under the Truth in Lending Act disclosure may be made in the instrument or by a separate disclosure statement. Regulation Z, 12 CFR 510, § 226.8 (a). Here while there was no disclosure on the agreements themselves, there was no proof offered to establish as a matter of law there was no separate disclosure statements containing information about a security interest. Moreover, under 15 USC § 1640 (c) "A creditor may not be held liable in any action brought under this section for a violation of this subchapter if the creditor shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." The burden was on the defendant, as movant, to prove the violation was intentional and did not result from a bona fide error. There was no proof in this regard.

The defendant having failed to carry the burden imposed upon a movant for summary judgment, the trial

judge erred in entering judgment for him on the counterclaim.

*Judgment reversed. Deen, C. J., McMurray, P. J., Smith, Shulman, Banke, Birdsong, Underwood and Carley, JJ., concur.*

ARGUED JULY 9, 1979 — DECIDED SEPTEMBER 18, 1979.

*Neal W. Dickert,* for appellant.
*Tony J. Foss, Ben Swain McElmurray, Jr.,* for appellee.