### 59310. BRADSHAW v. GEORGE THOMPSON FORD, INC. et al.

SHULMAN, Judge.

Plaintiff-appellant brought suit against defendant George Thompson Ford, Inc. (hereinafter "Ford") and two of its employees, jointly and severally, for injuries allegedly sustained during defendant-employees' attempt to repossess an automobile that plaintiff had rented from Ford. Ford counterclaimed against plaintiff for an alleged breach of the parties' car rental agreement. Pursuant to a verdict rendered against Ford and one of its employees, David Lingerfelt (appellees in the case at bar), plaintiff was awarded judgment in the amount of $2,050 on his claim. The trial court entered summary judgment in favor of defendant-Ford on its counterclaim in the amount of $2,516.16. On appeal, plaintiff protests the grant of defendant-Ford's motion to set off the above

judgments. We affirm.

Appellant argues that because his judgment was joint and several against Ford and Lingerfelt, he is entitled to collect the whole of his judgment from Lingerfelt and that, therefore, a setoff with Ford, preempting his right to recover his judgment from Lingerfelt, was improper.

This issue is controlled adversely to appellant's contentions by *Odom v. Attaway,* 173 Ga. 883, 887 (162 SE 279). " '[O]ne judgment may be set off against another, although all the parties to the different records are not the same. Where a judgment is obtained by a plaintiff against several defendants, one of them is entitled to have set-off against the plaintiff . . .' " Thus, notwithstanding the fact that by virtue of a setoff (in which plaintiff's judgment is satisfied) plaintiff is precluded from specifically recovering against Lingerfelt, such setoff is authorized.

Moreover, the fact that such setoff may result in the loss of an attorney lien does not mandate a contrary result.

" '[T]he right of setting off one judgment against another is conferred by express statute [see Code Ann. § 39-605] and may be exercised although the practical result may be an extinguishment of such judgment in whole or in part, and thereby the attorney may lose the power of enforcing it for his fee.' " Id., p. 891.

Since the judgment appealed from is not erroneous for any reason assigned, it is affirmed.

*Judgment affirmed. Quillian, P. J., concurs. Carley, J., concurs in the judgment only.*

SUBMITTED JANUARY 9, 1980 — DECIDED FEBRUARY 21, 1980.

*Jack Dorsey,* for appellant.

*A. Lee Parks, Jr., Larry Janney, E. Penn Nicholson, William Boyd Lyons,* for appellees.