## 62523. HINES v. GOOD HOUSEKEEPING SHOP.

CARLEY, Judge.

This case makes its third appearance before this court. The instant appeal is from the judgment entered on the verdict rendered at the trial necessitated by the decision in *Good Housekeeping Shops v. Hines,* 150 Ga. App. 240 (257 SE2d 205) (1979). The verdict found in favor of plaintiff-appellee Good Housekeeping Shop and the judgment entered thereon was in an amount reduced by defendant-appellant's recovery on her Truth In Lending counterclaim. *Good Housekeeping Shop v. Hines,* 146 Ga. App. 713 (247 SE2d 142) (1978), overruled on other grounds, *First Citizens Bank &c. Co. v. Owings,* 151 Ga. App. 389 (259 SE2d 747) (1979).

1. It was not error to allow appellee to amend its complaint to allege its corporate character. " 'Where the name does not import a legal entity, but in fact it is a corporation, such defect may be cured by an amendment alleging the corporate character. [Cit.]' [Cit.]" *Russell v. O'Donnell,* 132 Ga. App. 294, 296 (208 SE2d 107) (1974).

2. Before trial, appellee had filed a subpoena to require appellant's production of certain documentary evidence at trial. It was not error to deny appellant's motion to quash this subpoena, which was made orally and during trial. Code Ann. § 38-801 (b) (1) provides that a subpoena for production of documentary evidence may be quashed, "upon *written motion made promptly* and in any event at or before the time specified in the subpoena for compliance therewith . . ." (Emphasis supplied.) Nor will appellant now be heard to complain that the "irrelevant" subpoena was itself introduced into evidence, there being no sufficient objection raised at trial when it was offered. See *Ball v. State,* 145 Ga. App. 254 (243 SE2d 672) (1970). Nor can appellant now predicate an enumeration of error upon the trial court's giving of a charge on Code Ann. § 38-119, no objection having been made below. Code Ann. § 70-207 (a).

3. It is urged that the trial court erroneously allowed appellee to cross-examine appellant concerning her conduct "subsequent to the signing of the contract in that such evidence was irrelevant."

We have considered the instances in which appellant contends that "irrelevant" evidence was admitted over objection. It appears that the evidence was apparently "relevant" to appellee's fraud count and the issue of appellant's "bad faith." " 'While fraud cannot generally be based on instances of misrepresentations as to future events, it may consist of such instances if, when the misrepresentation is made, the defendant knows that the future

event will not take place.' [Cits.]" *McCravy v. McCravy,* 244 Ga. App. 336, 337 (260 SE2d 52) (1979). With regard to a party's "guilty knowledge," "[t]he circumstances, the time, the secrecy, all the transactions before, at the time *and afterwards,* may be brought to bear upon what was the knowledge ..." *Birdsong v. State,* 120 Ga. 850, 853 (48 SE 329) (1904).

In the instant case appellant testified that at the time she entered into the contract she "had intentions of paying [appellee] — I just couldn't get a job." It is apparent the questioning concerning appellant's conduct "subsequent to the signing of the contract" was part of a thorough and sifting cross-examination concerning her "intentions" of paying appellee. Under the circumstances we find no reversible error in permitting appellant to be cross-examined concerning her conduct subsequent to entering into the contract with appellee.

4. Appellant enumerates as error the admission into evidence over objection "as just being irrelevant" of certain documentary evidence. " " "An objection (to evidence) on the sole ground that it is irrelevant is not such an objection as would be reversible error to overrule." (Cits.)' [Cit.]" *Housing Authority of Atlanta v. Starcher,* 149 Ga. App. 402 (2) (254 SE2d 515) (1979).

5. It was not error to admit four ledger cards into evidence when appellee's witness testified that they were kept "[i]n the normal course of business under my direction." See generally *F. N. Roberts Corp. v. Southern Bell Tel. &c. Co.,* 132 Ga. App. 800, 801 (1) (209 SE2d 138) (1974). " 'It is not necessary that a witness identifying business records under Code Ann. § 38-711 have personal knowledge of the correctness of the records or have actually made the entries himself.' [Cit.]" *Whittington v. State,* 155 Ga. App. 667 (2) (272 SE2d 532) (1980).

6. Appellant next asserts that the verdict and judgment are erroneous because "[t]here was no evidence showing a bona fide error defense to violations of the Michigan Retail Installment Contract [Act]." Appellant had pled the Michigan Act as a defense to the action, apparently relying upon the following provision: "Any seller who enters into any contract or agreement which does not comply with the provisions of this act or who violates any provision of this act except as a result of accidental or bona fide error is barred from the recovery of any time price differential, any official fees, delinquency or collection charge, attorney fees or court costs and the buyer shall be entitled to recover his reasonable attorney fees and court costs from the seller or his assigns ..." Michigan Statutes Ann. § 19.416. See *Good Housekeeping Shops,* 150 Ga. App. at 243 (3) supra. Thus, in this enumeration of error, appellant apparently contends that she

produced evidence of appellee's violation of the Act and that appellee produced no evidence of its "accidental or bona fide error" defense so as to recover any amount other than the principal balance due.

Appellant first asserts that appellee violated the Michigan Act when it "accelerated" the entire unpaid balance due without rebating unearned interest. See *Reese v. Termplan,* 125 Ga. App. 473, 475 (2) (188 SE2d 177) (1972) (interpreting analogous Georgia law). However, the contracts did not contain an "acceleration clause." Therefore, even if appellee in fact amended its complaint so as to seek the entire unpaid balance due under the contracts before all the installments were in fact owed (and it is unclear from the record that this occurred), it is apparent that this does not demonstrate a decision on appellee's part to "accelerate" the indebtedness but, at most, an accidental or erroneous conclusion that a cause of action on the entire unpaid indebtedness was mature at the time of the amendment. See generally *Nickerson v. Candler Bldg.,* 156 Ga. App. 396, 399 (5) (274 SE2d 582) (1980). It is clear that appellee *did* amend its complaint a second time, in October of 1978, to seek a recovery of the entire unpaid indebtedness at which point appellant *was* clearly in default of the entire unpaid balance. Accordingly, we cannot hold that it was error to enter judgment for appellee in the full amount of appellant's unpaid indebtedness because of its "acceleration" by appellee. Compare *Nickerson,* 156 Ga. App. 399 (5), supra.

With regard to appellant's remaining assertions concerning appellee's "violations" of the Michigan Act, we have studied the record and conclude that, even assuming that appellant's evidence demonstrated "violations" of the Act there was likewise sufficient evidence concerning appellee's "accidental or bona fide error" defense to authorize submission of the issue to the jury and to support the verdict for appellee in the full amount of appellant's unpaid indebtedness. We find this enumeration of error to be meritless.

7. Since the evidence supports the verdict in favor of appellee in the full amount of the unpaid indebtedness, it was not error to enter judgment on the verdict finding appellant was not entitled to court costs under the provisions of the Michigan Act quoted in Division 6 above.

8. Appellee originally brought suit to recover the amount of the unpaid indebtedness due under its installment contracts with appellant and "bad faith" attorney fees. Subsequently appellee amended its complaint to allege that it had been fraudulently induced into entering into the contracts. The jury returned a verdict purporting to find for appellee on the contract count and also on the fraud count. The trial court, in construing the verdict, found that the jury had awarded appellee $1,823.24 plus interest and $1,000 in

attorney fees on the contract count. In addition, the trial court determined that the jury had awarded tort damages of $1,000 in attorney fees for fraud and $1,000 in punitive damages. The trial court deducted the $874.40 awarded to appellant on her Truth In Lending Act (TILA) counterclaim from the $1,823.24 awarded appellee on the contracts and deducted $1,092 in TILA attorney fees awarded to appellant by the court (see *Good Housekeeping Shop,* 146 Ga. App. 713, supra), from the combined $2,000 attorney fees awarded to appellee and entered the following judgment: "[A]ll of the claims are combined herein so that this Final Judgment adjudicates all the claims and rights of the parties and Judgment [is] entered in favor of [appellee] against [appellant] in the amount of $948.84 principal, $146.26 interest, $908.00 attorney fees and $1,000 punitive damages . . ., and only one fi. fa. be issued, that one to [appellee] as aforesaid."

Appellant enumerates as error the entry of the aforesaid judgment on the verdict. As discussed in Division 6 above, the $1,823.24 verdict on the contracts was supported by the evidence. On appeal, appellant does not assert that the verdict on the fraud count was without evidence to support it. What she does contend, however, is that appellee should have elected which verdict — the one based upon contract or the one sounding in fraud — on which it wished to have judgment entered and that it was error to enter judgment on both verdicts. Appellant also urges that it was error to enter judgment on the award of attorney fees.

In resolving the issue raised by this enumeration it is first necessary to state that the remedies asserted by appellee in its complaint were "inconsistent in that they [sought] to recover twice (once in contract and once in tort) for the same transaction, i.e., [appellant's execution of the contracts with appellee]." *UIV Corp. v. Oswald,* 139 Ga. App. 697, 700 (229 SE2d 512) (1976). " 'Where a contract is induced by the actual, moral fraud of one of the parties, his liability for property obtained under the contract may be enforced according to the terms of the contract, or the defrauded party may waive the contract and sue in tort for the damages sustained on account of the fraud. In the first event, the liability of the debtor under the terms of the contract itself is a contractual liability, . . . [Cits.] In the latter event, the liability of the debtor is one arising in tort, for property obtained by false pretenses, . . . [Cit.]' [Cits.]" *Hartsfield Co. v. Newlin,* 49 Ga. App. 546, 546-547 (176 SE 516) (1934). "Where all the elements of an action for deceit are present, where one party is induced to enter into a contract because of false misrepresentations by the opposite party, he ordinarily may at his election either rescind the contract and base his right of action on the

fraudulent inducement, or he may affirm the contract and seek damages thereunder." *American Service Co. v. Berry,* 108 Ga. App. 413, 415-416 (133 SE2d 433) (1963). While, under Code Ann. § 3-114, appellee may have been entitled to pursue these inconsistent remedies until satisfaction was obtained, appellee was not entitled to have judgment entered on both verdicts. "[W]e construe the language of Code § 3-114 and the cases following it to mean that, while the claimant, . . ., is not required to make an election between inconsistent remedies prior to the verdict, he must make, and be given the opportunity to make, an election prior to the formulation and entry of judgment." *UIV,* 139 Ga. App. at 699, supra. However, the instant case need not be remanded to the trial court for appellee to "elect" as between the contract and tort verdicts. It is clear that the jury awarded appellee exemplary tort damages and attorney fees for fraud without awarding as a predicate therefor any general, nominal or special tort damages. See *Cleary v. Southern Motors,* 142 Ga. App. 163 (235 SE2d 623) (1977). Accordingly, there was no valid "verdict" in tort rendered against appellant and in favor of appellee. See *Piedmont Cotton Mills v. General Warehouse,* 222 Ga. 164, 170(5) (149 SE2d 72) (1966). The trial court therefore erred in the instant case in entering judgment for appellee in any amount on the jury's award of attorney fees and punitive damages based upon appellant's fraud. See *Gordon v. Ogden,* 154 Ga. App. 641 (269 SE2d 499) (1980).

We now turn to the award of attorney fees to appellee on the contract count. Nothing to the contrary appearing, the law of Michigan will be taken to be the same as that of Georgia. See *Craig v. Craig,* 53 Ga. App. 632, 634 (186 SE 755) (1936). Code Ann. § 20-1404 authorizes a recovery of attorney fees for bad faith, stubborn litigiousness, or unnecessary trouble and expense and this was the apparent basis for the jury's award of attorney fees to appellee on the contract count. Appellant does not contest the sufficiency of the evidence to demonstrate that she fraudulently induced appellee to enter into the contracts. This would authorize an award of attorney fees under Code Ann. § 20-1404. See *Spearman v. Flanders,* 143 Ga. App. 759 (240 SE2d 141) (1977). Accordingly, we find no error in the entry of judgment on this $1,000 award of attorney fees.

It is clear from the discussion above that a verdict was authorized for appellee in the amount of $1,823.24 plus interest thereon and $1,000 in bad faith attorney fees and, assuming no other errors appear in the case, the judgment should be affirmed with direction that the constituent elements of the tort "verdict" be written off. However, appellant further asserts that the trial court erroneously set off her award of $1,092 in TILA attorney fees against the award of attorney fees to appellee. In this regard appellant relies

upon Plant v. Blazer Fin. Services, 598 F2d 1357 (5th Cir. 1979): "We hold that in a truth-in-lending action an award of attorney's fees is not subject to setoff against the debtor's outstanding debt to the creditor." We find the Plant decision distinguishable from the instant case in one respect and unpersuasive in another.

First, the Plant decision speaks only of a set-off of an award of TILA attorney fees against the debtor's outstanding indebtedness to the creditor. In the instant case, as discussed above, appellee was awarded $1,000 in attorney fees against appellant as an element of contractual damages. Appellant having failed to prove that such a recovery would not be authorized under the "Michigan Act" under an appropriate showing and such a recovery being authorized under our Code Ann. § 20-1404, we have concluded that appellant's liability for attorney fees is established. It was against appellee's recovery of this $1,000 in attorney fees and not appellee's recovery on the debt that the trial court partially set off appellant's award of $1,092 in TILA attorney fees. We do not read Plant as prohibiting a set-off of TILA attorney fees where the creditor has himself been awarded attorney fees.

There remains, however, the question of the excess of $92.00 remaining after appellee's $1,000 in attorney fees are set off against appellant's award of $1,092 in TILA attorney fees. Since we have found that appellee is entitled to recover under its "verdict" only as to the contracts and only as to the attorney fees relevant to the contractual recovery, we must decide whether appellant's excess $92.00 which remains after a dollar-for-dollar set off against appellee's attorney fees can itself be further set off against appellee's remaining recovery which is solely on the debts or whether the Plant decision would preclude such a procedure. Clearly, even under our distinguishing of Plant above, the holding in that decision would be factually applicable to this excess $92.00 and we must decide whether we will adopt that procedure in this state.

In answering this question we start with the proposition that "while the decisions of the United States Supreme Court are binding upon our Georgia appellate courts [cits.] those of other Federal courts are not . . . [Cits.]" *Dodd v. Newton,* 122 Ga. App. 720, 723 (178 SE2d 567) (1970). With this principle in mind, we decline to adopt the rationale of Plant in this state as a rule of Georgia procedure. There is nothing in the TILA itself which requires a holding that attorney fees may not be set off against the creditor's recovery on the debt and we find the court's reasoning in Plant insufficiently persuasive to convince us to depart from the general rule that a recovery of attorney fees in this state would otherwise be subject to set off under Code Ann. § 39-605. See *Odom v. Attaway,* 173 Ga. 883 (162 SE 279) (1931);

*Bradshaw v. George Thompson Ford,* 153 Ga. App. 562 (266 SE2d 262) (1980). In our opinion an award of attorney fees under TILA is more properly viewed as being "the right of the party suing not the attorney representing him." Smith v. South Side Loan Co., 567 F2d 306, 307 (5th Cir. 1978). Obviously it is "better" procedure from the debtor's point of view to have the attorney fees used to reduce the amount of the judgment which will be entered for the creditor. From the bar's point of view and as a general proposition to the standard Georgia procedure of permitting attorney fees to be used as a set-off avoids even the suspicion of possible barratry in the area of TILA litigation. See Code Ann. § 26-2406 (c). Accordingly, we find no error in using appellant's recovery of TILA attorney fees as a set-off against appellee's recovery on the underlying indebtedness.

Based upon all that is held in the aforegoing discussion, it is directed that $1,000 in attorney fees and $1,000 in punitive damages be written off the verdict. When this is done appellee's authorized recovery consists of $1,823.24 on the contracts, $368.26 interest thereon and $1,000 in "bad faith" attorney fees, a total amount of $3,191.50. From this will be set off appellant's TILA recovery of $874.40, $222.00 interest and $1,092 attorney fees, a total amount of $2,188.40. Accordingly, no other error of law appearing in the case, it is further directed that a final judgment in favor of appellee be entered in the amount of $1,003.10. See *First Nat. Ins. Co. v. Thain,* 110 Ga. App. 603 (139 SE2d 447) (1964).

*Judgment affirmed with direction. Deen, P. J., and Banke, J., concur.*

DECIDED JANUARY 7, 1982 —
REHEARINGS DENIED FEBRUARY 18, 1982 —

*Ralph S. Goldberg,* for appellant.
*John Genins,* for appellee.