TANNER *v.* THE MUTUAL BENEFIT BUILDING ASSOCIATION.

ATKINSON, J.—1. While the head of a family to whom a homestead has been set apart has no power to "waive homestead" so as to subject the homestead estate to the payment of debts for which it would not be otherwise liable, the mere insertion of such waiver in a promissory note made by the head of the family does not invalidate the note and render the same void as being contrary to the policy of the law.

2. Inasmuch as it appears from an inspection of the record that the judgment in this case was excessive to the extent of six dollars and ten cents, direction is given that this excess be written off, and that thereupon the judgment stand affirmed.

November 26, 1894.          *Judgment affirmed, with direction.*

Complaint on note. Before Judge VAN EPPS. City court of Atlanta. July term, 1894.

Suit was brought on a promissory note containing the usual waiver of homestead, dated February 1, 1893. Defendant pleaded: The note is illegal and void, being a contract against the policy of the law, in that it contains a waiver of homestead or exemption right of defendant or his family, as against this debt or any renewal thereof. His wife had filed in the court of ordinary a schedule for the exemption of realty and personalty, under the code, §2040 *et seq.*, for the benefit of her family; and in the schedule particularly set forth the land covered by a mortgage made by defendant to secure the note sued on; which schedule was approved and recorded on October 7, 1878. The property so set apart is in the nature of a trust estate; and nothing appears in plaintiff's declaration to authorize a judgment of the city court against said trust property. Defendant's wife has pending in the superior court a petition filed by her, for injunction and other relief; which court, having full jurisdiction of the parties and subject-matter of this controversy, should be allowed to retain jurisdiction, to do full and complete justice, etc. This plea was stricken on demurrer, and judgment rendered by the court for the plaintiff.

The declaration contained a count for $6.10 taxes paid by plaintiff at defendant's request. By inadvertence this sum was included in the amount of the judgment rendered, the only question argued and decided by the court below being on the plea. The bill of exceptions was certified in vacation.

JOHNSON & PLEDGER and THOMAS & THOMAS, for plaintiff in error. JAMES H. GILBERT, *contra*.