14222.   SOUTHERN FLOUR AND GRAIN COMPANY
*v.* SMITH.

The contract upon which the action was based was void, because violative of the law which requires that "all concentrated commercial feeding-stuffs shall be in standard-weight bags or packages of fifty, seventy-five, one hundred, one hundred and twenty-five, one hundred and fifty, one hundred and seventy-five, or two hundred pounds each" (Civil Code of 1910, § 2107), and which penalizes violation of this requirement by fine

or imprisonment, or both (Penal Code of 1910, § 452); the contract being for the sale of beet pulp, a concentrated commercial feeding-stuff (Civil Code of 1910, § 2106), in bags of eighty-eight pounds each. The court therefore erred in overruling the demurrer to the petition.

DECIDED OCTOBER 4, 1923. REHEARING DENIED NOVEMBER 14, 1923.

Action for breach of contract; from Fulton superior court— Judge Bryan. November 23, 1922.

Application for certiorari was denied by the Supreme Court.

*W. A. Sutherland, Jones, Evins & Moore,* for plaintiff in error.
*Norman I. Miller,* contra.

LUKE, J.   C. E. Smith Company, a copartnership, sued the Southern Flour & Grain Company for the difference between the contract price of certain beet pulp and its price on resale.   From the petition it appears that the contract between the parties stipulated for the purchase of beet pulp in bags of eighty-eight pounds each.   By general demurrer the defendant presented the contention that the contract sued on was void and illegal, for the reason that it was violative of section 2107 of the Civil Code (1910), requiring that "all concentrated commercial feeding-stuffs shall be in standard-weight bags or packages of fifty, seventy-five, one hundred, one hundred and twenty-five, one hundred and fifty, one hundred and seventy-five, or two hundred pounds each."   Defendant insists that the overruling of its demurrer was error.

1.   Where the terms of a contract directly involve the infraction of a civil statute not enacted for the purpose of raising revenue, and such infraction is penalized by a fine, or imprisonment, or both, the contract is void and unenforceable.   *Conley* v. *Sims,* 71 *Ga.* 161; Civil Code (1910), § 4251.   For the case of a statute enacted for the purpose of raising revenue, see *Toole* v. *Wiregrass Development Co.,* 142 *Ga.* 57 (82 S. E. 514).

2.   Section 2106 of the Civil Code (1910) is sufficiently broad to include beet pulp as a "concentrated commercial feeding-stuff;" and since the litigants specifically contracted for the sale and purchase of beet pulp in sacks containing 88 pounds, in direct violation of section 2107, and since section 452 of the Penal Code penalizes any violation of the provisions of chapter 3 of the fifteenth title of the Political Code, which includes section 2107, by a fine, or imprisonment, or both, the contract under consideration was void, and the court erred in overruling the defendant's demurrer.   The

decision in the recent case of *Southern Flour & Grain Co.* v. *Pillsbury Flour Mills Co.*, 29 *Ga. App.* 671 (116 S. E. 910), does not conflict with the ruling now made. In that case the violation of the interstate-commerce act was independent of and did not enter into the contracts sued upon; whereas in the instant case the violation of section 2107, supra, was not independent of and did enter into the contract sued upon.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*