No. 10,860.

INTERMOUNTAIN LUMBER CO. *v*. RADETSKY, ET AL.

Decided June 2, 1924. Rehearing denied July 7, 1924.

Action for damages for failure to record a deed. Judgment for defendants.

## *Reversed.*

1. PLEADING—*Demurrer*. Under a demurrer for want of facts, a complaint may not be attacked for misjoinder of causes, defect of parties or because causes of action are not separately stated. These points should be made as required by the Code.

2. *Complaint—Tort*. Complaint held to state a cause of action against defendants for conspiring to, and withholding a deed from record to plaintiff's damage.

3. FRAUD—*Promises*. While mere promises do not constitute actionable deceit, a promise to a grantee to record his deed and falsely representing that the promise has been kept, is actionable.

4. RECORDS—*Notice*. False statements of what appears by public records are not ordinarily actionable, but the rule does not

apply as against one whose duty required disclosure. A public record does not charge one with notice that his agent failed to record a deed intrusted to him for that purpose.

5. DAMAGES—*Elements*. In an action for damages for failure to record a deed, expenditures on faith of the supposed record, and loss of credit and financial standing, held proper elements of damage.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Messrs. CRUMP & RILEY, for plaintiff in error.

Messrs. QUIAT & GINSBERG, Mr. HARRIE M. HUMPHREYS, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

A DEMURRER to the complaint was sustained; defendant had judgment accordingly; and plaintiff brings error.

The complaint alleges at too great length with repetition and evidential matter in substance as follows: that plaintiff entrusted to defendant Ginsberg a warranty deed from defendant Radetsky to the plaintiff for record, that thereupon the defendants, Radetsky, Ginsberg and Quiat, conspired to and did secretly withhold the deed from record and pursuant to said conspiracy and to prevent its record falsely represented to plaintiff that it had been recorded; that plaintiff relied upon the statements so made that the deed had been recorded, and so relying expended large sums on the improvement of the property and in complying with contracts with defendants pursuant to which said deed was made, and made further payment to defendant Radetsky pursuant thereto; that upon discovery of the suppression of said deed plaintiff demanded that it be recorded which defendants refused, and demanded that it be returned to plaintiff which defendants refused.

The demurrer was only for want of facts. Much of the argument of defendants in error is therefore irrelevant. If there was misjoinder of causes or a defect of parties or

if causes were not separately stated these points should be made as required by the code.

It seems clear that the complaint states a cause of action in tort. It would be a reproach to the law if it afforded no remedy to one subjected to such treatment as is here alleged, all of which stands admitted by the demurrer. The plaintiff, apart from Ginsberg's agreement to record it, had a right to have the deed recorded. The defendants violated that right by withholding it from record, and by false statements preventing its record. A right to damages resulted. The amount of damages is not now before us.

The law which is evidenced by the citations in defendants' brief is sound. It is true that mere promises do not constitute actionable deceit; that false statements concerning what appears by public records are not ordinarily actionable, because every one is bound to know the contents of such records; that one may not rely on gratis dictum, made by one under no legal duty to tell the truth; that one guilty of laches cannot maintain an action for deceit, and that an unrecorded deed passes title; but the complaint does not allege mere promises, the promise of Ginsberg to record the deed is inducement to the statement of the fraud; such a situation is not uncommon, *Harkison v. Harkison,* 101 Fed. 71, 41 C. C. A. 201; other deceit is stated; the rule as to public records does not apply as against one whose duty required disclosure. Ginsberg and his coconspirators were in possession of a deed which was the property of plaintiff. Ginsberg had no right to the possession of it except for the purpose of recording it. He was a trustee for that purpose, and was in a fiduciary relation to the plaintiff. How then can we say he was under no legal obligation to tell the truth? Yet he and his codefendants conspired, to the injury and damage of plaintiff, for their own purposes, to keep that instrument off the record, and to that end to deceive the plaintiff into the belief that it had been recorded, and carried out their conspiracy. Radetsky and Quiat thereby became joint tort-feasors with

Ginsberg. Neither does the rule as to public records do more than charge one acquiring an interest in realty with knowledge of what appears of record concerning it. So far as we are aware it has never been held that the public record charges one with notice as against his agent, that such agent has failed to record a deed entrusted to him for that purpose. Must one disbelieve his agent's statement that he has done so and go himself to see whether it is true or be held guilty of laches in a suit against that same agent for a fraudulent conspiracy to prevent such record by deceiving the principal into the belief that it has been done? The question needs no answer. As to title, the defendants are not charged with depriving plaintiff of title, but only the evidence thereof. One is as illegal as the other.

It is not, of course, to be understood that we hold that the defendants were guilty of the acts charged, but only that the acts, if eventually proved, would entitle the plaintiff to relief.

The court refused to strike out the allegations of the complaint specifying, as part of the damages, expenditures on the faith of the supposed record and the allegation of loss of credit and financial standing, and defendants assign cross-error. The court was right. Some, at least, of the scheduled expenses are proper elements of damage and so sometimes is the loss of financial credit, (17 C. J. 797), in this case clearly so. The general rule is that the natural and obvious result of the wrongful act is an element of damage. Loss of financial credit and financial ruin was the natural and obvious result of depriving the plaintiff company of the evidence of its assets.

Judgment reversed with directions to overrule the demurrer and proceed with the case.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.