29759. BRENAU COLLEGE *v.* MINCEY.

Decided October 9, 1942.

*Isidore A. Blanch,* for plaintiff.

Felton, J. Brenau College sued E. E. Mincey on a promissory note signed by him, payable to Brenau College Conservatory, and transferred to the plaintiff. The court sustained the general demurrer to the petition and dismissed the action and plaintiff excepted.

The note sued on contained the following provision: "I also waive the benefit of the exemption of my daily, weekly or monthly wages or salary, from garnishment as against this obligation or any renewal of the same." While it is true that contracts against public policy are void (Code, § 20-504),

and that agreements to waive exemption from garnishment are against public policy and unenforceable or void (*Traders Investment Co.* v. *Macon Railway & Light Co.*, 3 *Ga. App.* 125, 59 S. E. 454; *Walker* v. *Swift Fertilizer Works*, 3 *Ga. App.* 283, 59 S. E. 850), it is not the purpose or intention of the law to invalidate a legal and binding contract simply because an effort is made by one of the parties, purely incidental to the purposes of the contract, to waive a right which the law says he can not waive as a matter of public policy. It has been held by this court that an agreement to waive notice of attorney's fees in a suit on a note is void and unenforceable. *Miller* v. *Roberts*, 9 *Ga. App.* 511 (71 S. E. 927). It has never been held or contended, so far as we know, that an effort to waive the notice would invalidate the note. The result would be different if the principal consideration and purpose of the contract were against public policy. It seems clear that a contract based on a legal and binding consideration and also containing an attempted waiver of a right which can not be waived because contrary to public policy, which waiver is wholly unconnected with the purposes of the contract, is severable, and the part thereof which is legal is nevertheless enforceable. Code § 20-501. This conclusion has been reached by the Supreme Court of this State, although the reasons were not discussed by the court, in *Tanner* v. *Mutual Benefit Building Association*, 95 *Ga.* 528 (20 S. E. 499), in which it was held: "While the head of a family to whom a homestead has been set apart has no power to 'waive homestead' so as to subject the homestead estate to the payment of debts for which it would not be otherwise liable, the mere insertion of such a waiver in a promissory note made by the head of the family does not invalidate the note and render the same void as being contrary to the policy of the law." The court erred in sustaining the general demurrer and dismissing the action.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*