38459.   BROOME v. CAVANAUGH *et al.*

Decided October 11, 1960.

*John L. Coney*, for plaintiff in error.

*Frank A. Bowers, John Brewer*, contra.

Nichols, Judge.   ■   The plaintiff by his declaration in attachment sought to recover money paid to the defendants pursuant to a written contract; the averments of paragraph 3 of plaintiff's declaration in attachment being as follows:   "Peti-

tioner contracted with defendants partnership, an employment agency, for their services in securing him a permanent position with a local employer, subject to limited travel, said contract was entered into in writing on or about the 15th day of January, 1960, at the defendants' office upon their printed form; a copy of which was not given petitioner, and the precise terms of which are, therefore, not all known to petitioner, but are well known to the defendants."

Paragraph 1 of the defendants' demurrer attacks the declaration in attachment on the grounds that "nowhere in the declaration is it alleged that the written agreement between the plaintiff and the defendants contained a provision that any employment secured for the plaintiff by defendants would be subject to limited travel on the part of the plaintiff, none of the reference to 'limited travel' in the declaration alleging that such conditions were a part of the written contract between the parties, and not being a part of the written contract, the defendants would not be bound thereby." This ground of demurrer is not well taken. The language employed in paragraph 3 of the plaintiff's declaration in attachment, as set out above, clearly refutes this contention of the defendants; the pertinent part thereof being that the purpose of the contract, which is alleged to be in writing, was to secure a permanent position for the plaintiff with a local employer, with limited travel. The language here used was sufficient to withstand general demurrer, and the trial court erred in sustaining ground 1 of the defendants' demurrer.

Ground 2 of the demurrer addresses itself to paragraph 7 of the plaintiff's declaration in attachment and is likewise without merit for the reason that the plaintiff's amended paragraph 7 of the declaration in attachment supplies the deficiency complained of. The trial court erred in sustaining this ground of the defendants' demurrer.

Ground 3 of the defendants' demurrer asserts that the plaintiff's declaration in attachment shows on its face that the payment made to the defendants by the plaintiff, which he seeks to recover back in this action, was a voluntary payment, and, as such, cannot under *Code* § 20-1007, be recovered.

*Code* § 20-1007, supra, is as follows: "Payments of taxes or

other claims, made through ignorance of the law, or where the facts are all known, and there is no misplaced confidence and no artifice, deception or fraudulent practice used by the other party, are deemed voluntary, and cannot be recovered back, unless made under an urgent and immediate necessity therefor, or to release person or property from detention, or to prevent an immediate seizure of person or property. Filing a protest at the time of payment does not change the rule."

Obviously the alleged facts here are not such as to bring this case within the purview of *Code* § 20-1007, supra. This action is based on an alleged written contract, the plaintiff alleging in his declaration in attachment, as amended, that he paid the defendants a fee in advance under a written contract for securing him a "permanent position with local employer with limited travel," when in fact the position secured by the defendants for him was not a "permanent position with local employer with limited travel." Since the purpose for which the plaintiff parted with his money failed of accomplishment, the defendants cannot in good conscience retain the money, and the plaintiff is entitled to have same returned to him. *Chappas v. Sandefur*, 93 Ga. App. 67 (91 S. E. 2d 46). The petition alleged a good cause of action as against a general demurrer, and the trial court erred in sustaining same.

■ Under the above holding in division one of this opinion, the plaintiff's other assignments of error are now moot and will not be considered by the court.

*Judgment reversed. Bell, J., concurs. Felton, C. J., concurs in the judgment.*