## 57759. COUCH v. BLACKWELL & ASSOCIATES, INC. et al.

Banke, Judge.

The appellee, Blackwell and Associates, Inc., brought suit to collect fees allegedly due under a contract to obtain employment for the appellant. Appellant defended, claiming among other things that the contract violates Georgia law and is thus void and unenforceable. Judgment was awarded to the appellee following a non-jury trial, and this appeal followed.

The contract was one wherein appellee agreed to secure employment for appellant as a nurse's aid in return for a fee. There is no dispute that the employment was secured, nor that the $115 allegedly owed has not been paid. Appellee is licensed under the Private Employment Agencies Act, Code Ann. Chapter 84-41, to do business as a private employment agency and is subject to the provisions of that Act.

Appellant complains that the definition of "Short term placement," which is required by Code Ann. § 84-4105 (c) to be set forth in the contract, is omitted, as well as the definition of "accepted employment" required by Code Ann. § 84-4105 (h). The definitions themselves

are found in Code Ann. § 84-4107, which, by its own terms, "does not apply to any agreements entered into for the specific purpose of covering employment of less than 10 weeks duration . . ." *Held:*

1. The contract before us was clearly intended to cover a much longer period of employment than 10 weeks and thus was subject to the definitional requirements set forth in Code Ann. §§ 84-4105 and 84-4107, supra. "Where the terms of a contract directly involve the infraction of a civil statute not enacted for the purpose of raising revenue, and such infraction is penalized by a fine, or imprisonment, or both, the contract is void and unenforceable." *Sou. Flour and Grain Co. v. Smith,* 31 Ga. App. 52 (1) (120 SE 36) (1923). An infraction of the Private Employment Agencies Act is made a misdemeanor by Code Ann. § 84-9967. It has previously been held that the purpose of the Act is to establish regulations "for the protection of the public . . ." *Management Search, Inc. v. Kinard,* 231 Ga. 26, 29 (199 SE2d 899) (1973). Thus, the appellee's failure to draft the contract in compliance with the Act renders the contract void and unenforceable. The trial court's judgment for appellee is reversed.

2. Appellant also enumerates as error the denial of her counterclaim for the return of a $40 payment which she made to the appellee in partial satisfaction of the fees due under the terms of the contract. However, voluntary payments of claims cannot be recovered in the absence of a showing that they were induced by fraud, mistake of fact, misplaced confidence, duress, urgent and immediate necessity, or a need to prevent seizure or detention of person or property. Code § 20-1007. No such showing was made here, and it appears from the evidence that the appellant did receive the services for which she contracted. Therefore, her counterclaim was properly denied, despite the fact that the contract itself was void and unenforceable. See *Broome v. Cavanaugh,* 102 Ga. App. 563 (116 SE2d 881) (1960). Accord, *Nash Loan Co. v. Dixon,* 181 Ga. 297, 304 (182 SE 23) (1935); *Public Finance Corp. v. Cooper,* 149 Ga. App. 42 (3,4) (253 SE2d 435) (1979).

3. In view of the foregoing, it is unnecessary to consider the appellant's remaining enumerations of error.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Underwood, J., concur.*

ARGUED MAY 2, 1979 — DECIDED JULY 13, 1979.

*Deborah Ebel, Kenneth G. Levin,* for appellant.
*Wanda L. Wenger,* for appellees.