65976. FLEMING et al. v. FEDERAL LAND BANK OF COLUMBIA.

SHULMAN, Chief Judge.
In 1974, appellants borrowed $135,000 from appellee through an agent of appellee. When appellants failed to make a required interest payment in 1976, appellee foreclosed on the real estate securing the loan. After the foreclosure sale was finally confirmed (see *Fleming v. Federal Land Bank,* 144 Ga. App. 371 (241 SE2d 271); *Fleming v. Federal Land Bank,* 148 Ga. App. 765 (252 SE2d 653)), appellee brought an action against appellants for a deficiency judgment. This

appeal is from the grant of summary judgment to appellee.

1. Appellants contend in three enumerations of error that the trial court should not have rejected their Truth-in-Lending Act (15 USCA § 1601 et seq.) claims which were asserted both as defenses and as a counterclaim. However, the Truth-in-Lending Act is not available as a defense to the note ( *First Cit. Bank &c. Co. v. Owings,* 151 Ga. App. 389 (259 SE2d 747), and the counterclaim was barred by the one-year statute of limitation in the Truth-in-Lending Act. *Hodges v. Community Loan &c. Corp.,* 133 Ga. App. 336 (2) (210 SE2d 826), revd. in part on other grounds, 234 Ga. 427 (216 SE2d 274).

2. Appellants' argument that appellee wrongfully denied them the right to rescind the loan transaction under the provisions of the Truth-in-Lending Act is also without merit. Rescission under that statute is available only when the property securing the loan is the borrower's principal residence. 15 USCA § 1635. Appellants, in applying for the loan involved here, represented to appellee that the property securing the loan was not their residences and have not established the contrary at any time during this litigation.

3. Before approving the loan on which this suit is based, an agent of appellee conducted an appraisal of the property offered as security for the loan. Appellants contend that a question of fact exists concerning their allegation that the appraisal was negligently performed. In argument, appellants rely heavily on the Supreme Court's recent adoption of the rule that "one who supplies information during the course of his business, profession, employment, or in any transaction in which he has a pecuniary interest has a duty of reasonable care and competence to parties who rely upon the information in circumstances in which the maker was manifestly aware of the use to which the information was to be put and intended that it be so used." *Robert &c. Assoc. v. Rhodes-Haverty Partnership,* 250 Ga. 680, 681 (300 SE2d 503). Unfortunately for appellants, the reliance factor in that rule excludes them from its operation because they have admitted that they did not rely on the appraisal in deciding whether or not to borrow the money and use the property as security.

4. Asserting a purported promise by an agent of appellee that appellee would never seek a deficiency judgment against them, appellants insist that a question of fact exists concerning fraud in the inception of the note. We disagree.

The record shows that appellants, both experienced real estate attorneys, were aware that appellee would be entitled to seek a deficiency judgment in the event of default and foreclosure and even discussed that fact with the bank officer with whom they dealt. Their

arguments regarding fraud are controlled adversely to them by *Wall v. Federal Land Bank,* 156 Ga. App. 368 (274 SE2d 753).

5. Appellants' assertion that a question of fact exists concerning their defense of failure of consideration is entirely unsupported by fact or law. Appellee showed that appellants received a sum of money in consideration of their promise to repay it. Appellants have failed to set out any facts at all which would arguably support a failure of consideration defense. " 'The purpose of the Summary Judgment Act, as we have interpreted it, would be defeated if a party opposing a motion for summary judgment was permitted to defeat the motion by suggesting so vague a defense as to prevent the movant or the court from ascertaining the theory behind the defense.' [Cit.]" *Reuben v. First Nat. Bank,* 151 Ga. App. 476 (260 SE2d 498).

6. Appellee has requested that this court impose a 10% penalty against appellants pursuant to OCGA § 5-6-6 (Code Ann. § 6-1801). It is our opinion that the issues raised by appellants were clearly controlled adversely to them by existing precedent. However, the issues are sufficient for us to determine that the case was not taken up for delay only. We therefore deny appellee's motion for damages.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JUNE 21, 1983 —
REHEARING DENIED JULY 7, 1983 — ▮

*B. Michael Mears,* for appellants.
*Patrick F. Henry, Jr., William Lee Preston,* for appellee.