**STATE BANK OF WILEY, Wiley, Colorado, a corporation, Plaintiff-Appellee,**

v.

**Donald E. STATES, a/k/a Donald States; Betty J. States, a/k/a Betty States, Defendants-Appellants.**

No. 85CA0611.

Colorado Court of Appeals, Div. I.

June 19, 1986.

Lefferdink & Davis, John S. Lefferdink, Lamar, for plaintiff-appellee.

Dixon & Snow, Jerre W. Dixon, Denver, for defendants-appellants.

ENOCH, Chief Judge.

In this action to recover on certain promissory notes, defendants, Donald and Betty States, appeal the summary judgment entered in favor of plaintiff, State Bank of Wiley (bank), on their counterclaims. We affirm.

The bank commenced this action seeking recovery on two promissory notes executed by defendants, and claiming the right to replevy certain personal property listed in their security agreements. Defendants, in their answer, denied bank's claims, and asserted three counterclaims: (1) that bank's failure to extend and renew defendants' loan constituted misrepresentation; (2) that bank had violated the Federal Truth in Lending Act; and (3) that bank's refusal to do business with defendants after they were investigated by the Internal Revenue Service constituted outrageous conduct.

Judgment was entered for bank on the balance due on the notes, and defendants' personal property was sold in satisfaction of the judgment. That part of the judgment has not been appealed. The appeal is limited to the dismissal of defendants' counterclaims.

Both parties submitted briefs to the trial court concerning whether bank's failure to continue renewing and extending defendants' loans could constitute actionable misrepresentation. The court determined that actionable misrepresentation could not be predicated upon one's failure to continue with a past course of conduct alone, and therefore dismissed that claim. After determining that defendants' response to bank's motion for summary judgment on the remaining issues was untimely filed under C.R.C.P. 121 § 1–15, the court entered summary judgment in bank's favor, and defendants' motion for reconsideration was later denied.

## I. Misrepresentation

As to the dismissal of the misrepresentation claim, defendants argue that a genuine issue of material fact existed as to whether bank, by its past course of conduct in renewing and extending the loans, impliedly promised to continue to do so in the future. We agree with the court that bank's refusal to continue its past course of conduct cannot constitute actionable misrepresentation. Fraud cannot be predicated upon the mere non-performance of a promise or contractual obligation, *Intermountain Lumber Co. v. Radetsky*, 75 Colo. 570, 227 P. 564 (1924), or upon failure to fulfill an agreement to do something at a future time. *See Yerington v. Riss*, 374 S.W.2d 52 (Mo.1964); *Farmers Union Co-Operative Royalty Co. v. Southward*, 183 Okla. 402, 82 P.2d 819 (1938).

## II. Other Counterclaims

As to the other counterclaims, we need not address defendants' contention that their responding motion was timely filed. We conclude that, even if it had been filed timely and thus included in the court's consideration of the pleadings, bank made a convincing showing that genuine issues were lacking, and defendants failed to meet their burden of demonstrating that a real controversy exists. *Ginter v. Palmer & Co.*, 196 Colo. 203, 585 P.2d 583 (1978).

### A. Violation of the Federal Truth In Lending Act

Defendants' contention that bank violated the provisions of the Federal Truth in Lending Act is without merit. A borrower is entitled to rescind a loan and is entitled to notice of that right only when the property securing the loan is used as the borrower's principal residence. 15 U.S.C.A. § 1635(a) and Regulation Z, 12 C.F.R. § 226.15(a) and (b). Defendants admit in their amended counterclaim that the mobile home securing the loan was used as their adult son's principal residence; thus, the

court properly entered summary judgment on this issue. C.R.C.P. 56(c); *see Fleming v. Federal Land Bank,* 167 Ga.App. 326, 306 S.E.2d 332 (1983).

### B. Outrageous Conduct

 Finally, we agree with the court that the facts asserted by defendants are insufficient to support a claim of outrageous conduct. The pleadings and other documents before the trial court demonstrate, as a matter of law, that no reasonable person could conclude that bank's conduct in refusing to renew and extend defendants' loans was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Rugg v. McCarty,* 173 Colo. 170, 476 P.2d 753 (1970).

Judgment affirmed.

PIERCE and VAN CISE, JJ., concur.