A89A0238. SELIGMAN et al. v. MILAM BUILDERS, INC.
(381 SE2d 401)

DEEN, Presiding Judge.

The instant appeal stems from a long-standing dispute involving appellant Maxine Seligman and her husband and appellee Milam Builders, Inc. (Milam). According to appellant, Milam failed to perform certain work on the house he had contracted to build for them. The Seligmans withheld payment, and in 1985 Milam instituted an action. The Seligmans answered, alleging breach of contract and seeking dismissal with costs taxed to Milam, plus removal of all liens against the property. They also counterclaimed for damages of several sorts.

After various delays, which included *inter alia* requests by Milam for arbitration and for settlement, the parties, in April of 1988, entered into a consent order which required, *inter alia*, payment of $64,000 into the registry of the Fulton County State Court, completion and inspection of certain work, release to Milam of certain sums ("draws") on certain conditions, removal of liens, and dismissal of all claims with prejudice, together with execution of a release and covenant not to sue. On September 23, 1988, the trial court entered an order expressly citing the consent order and directing (1) that $35,000 be released to Milam's attorney and (2) that certain repairs be completed within ten days. A supplemental order reiterating the requirement for completion of the work and stating that the court, after visual inspection, would direct the disbursement of the funds remaining in the registry, was entered on September 28. Mrs. Seligman appealed from the order of September 23, enumerating as error rulings of the trial court with respect to the original contract and the consent order and its award of $35,000 to Milam's attorney. *Held*:

1. Appellant apparently misinterpreted that portion of the court's order directing payment to Milam's attorney. We find no error here.

2. Appellant, having dismissed her attorney and proceeding *pro se*, filed no separate enumeration of error, as required by OCGA § 5-6-40. We have nevertheless, out of concern for due process, examined the record in its entirety but find appellant's allegations, unsupported by citations to the record or to statutory or case law, to be so deficient in specificity, clarity, and substance as not to present any colorable issue upon which reversal of the judgment below might be predicated.

3. Appellee seeks imposition of a ten percent penalty for filing a frivolous appeal, pursuant to OCGA § 5-6-6. Although we find the instant appeal lacking in merit, we cannot say that it was undertaken

solely for purposes of delay or harassment. Cf. *Radford v. IPD Printing & Distrib.*, 184 Ga. App. 64 (360 SE2d 656) (1987); *Fleming v. Fed. Land Bank*, 167 Ga. App. 326 (306 SE2d 332) (1983); *Taylor v. Bentley*, 166 Ga. App. 887 (305 SE2d 617) (1983).

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED APRIL 3, 1989.

Maxine Seligman, *pro se.*

Francis Milam, *pro se, McCalla, Raymer, Padrick, Cobb, & Nichols, Carol V. Clark, R. Terese Perrotta*, for appellee.