A89A2178. CURRY CORPORATION v. MOORO.
(393 SE2d 33)

COOPER, Judge.

Appellant leased a car to appellee and sued after appellee returned the car and terminated the lease agreement. Appellee defended and counterclaimed on the ground that appellant violated the Federal Consumer Leasing Act (15 USC § 1667 et seq.) by not making certain disclosures. Specifically, appellee claimed that the lease did not disclose the following: the amount paid for registration fees, certificate of title, or taxes; the amount of other charges not included in the periodic payments; the warranties and guaranties made by the manufacturer or lessor; the fair market value of the car at the inception of the lease; and the aggregate cost of the lease at the expiration of the lease. Both parties filed motions for summary judgment. The trial court granted appellee's motion for summary judgment on the main claim, liability under the lease agreement, but held that appellee's counterclaim was barred by the applicable statute of limitation. The court denied appellant's motion on the main claim. This appeal follows.

1. Appellant first contends that the trial court erred in granting summary judgment to appellee. The grant of summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. OCGA § 9-11-56 (c). Neither party disputes the genuineness of the lease agreement or the disclosure statement, both of which are in the record, and appellee's contentions regarding the nonexistence of various disclosures in these documents can be ascertained from the record. Furthermore, the uncontroverted affidavit of appellee shows that he signed an agreement to pay $337 per month for the lease of a car, but he was actually charged $350.48 per month. Appellant argues, however, that appellee failed to prove that the violations were intentional and did not result from bona fide error; therefore, summary judgment to appellee was error.

15 USC § 1640 (c) expressly provides that a creditor may not be held liable for a violation "if the creditor or assignee shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error. . . ." We have reviewed the pleadings together with the affidavit and find that they do not raise an issue of

intentional conduct or bona fide error. Appellant did not respond to appellee's counterclaim, raising the defense that the alleged violations were unintentional. Nor did appellant, either in its motion for summary judgment or in response to appellee's motion, submit any affidavit which stated that the failure to make certain disclosures was not intentional or was the result of bona fide error. Had there been any fact question about intentional conduct versus bona fide error, appellee as the movant, would have had the burden of proving that the violation was intentional and did not result from bona fide error. *First Citizens Bank &c. v. Owings,* 151 Ga. App. 389 (2) (259 SE2d 747) (1979). However, inasmuch as no such issue was raised, it was not error to grant summary judgment to appellee.

2. Appellant contends that the trial court erred in finding that the lease was void and unenforceable due to violations of the Federal Consumer Leasing Act. Appellant relies on *First Citizen's Bank &c. v. Owings,* supra, a case arising under the Federal Truth in Lending Act. In *Owings,* the bank brought an action seeking to foreclose on certain automobiles under the terms of two security agreements, and we held that violations of the Truth in Lending Act did not invalidate the contract and were no defense to the foreclosure proceedings. Unlike *Owings,* where the default was separate and distinct from the violation, in the case at bar, there has been no default, and the violations are directly related to the provisions of the contract which appellant seeks to enforce. The lease shows that appellee's monthly payments were to be $337, but appellee's affidavit establishes that he was actually charged $350.48 per month. Also, the disclosure statement shows that several disclosures were not made with respect to fees and taxes, other charges, warranties, and end of term liability. We have held that " '[w]here the terms of a contract directly involve the infraction of a civil statute not enacted for the purpose of raising revenue, and such infraction is penalized by a fine, or imprisonment or both, the contract is void and unenforceable.' [Cit.]" *Couch v. Blackwell & Assoc.,* 150 Ga. App. 739 (1) (258 SE2d 552) (1979). We do not hold that a lessee can default under the lease, refuse to return the car, and hide behind the lessor's failure to make certain disclosures under the Consumer Leasing Act. In such a case, the lessor would not be prevented from seeking a writ of possession. However, here the provisions of the lease, which the lessor seeks to enforce, are directly related to the disclosures it failed to make, and the lessor cannot maintain the action. Therefore, we find no error with the trial court's finding that the lease contract was void and unenforceable.

For the foregoing reasons, we find no error with the trial court's denial of summary judgment to appellant.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

On Motion for Rehearing.

On motion for rehearing, appellant contends that we placed a duty on it to respond to appellee's counterclaim and motion for summary judgment, contrary to the Civil Practice Act. Under the Consumer Leasing Act, a defendant can avoid liability by showing by a preponderance of the evidence that its failure to make certain disclosures was not intentional and was the result of bona fide error. Appellant contends that the allegations of nondisclosure, in appellee's counterclaim, necessarily included the allegation that appellant's nondisclosures were intentional and not the result of bona fide error. We disagree. The defense, that the nondisclosures were not intentional is an affirmative defense, which appellant must raise and prove at trial. While a party has no duty to respond to a counterclaim or a motion for summary judgment, where none of the pleadings raised an issue of fact as to the intentional, or unintentional, nature of the nondisclosures, summary judgment was properly granted to appellee.
*Motion for rehearing denied.*

Decided March 14, 1990 —
Rehearing denied March 28, 1990 —

*Neil A. Moskowitz*, for appellant.
*Goldner, Sommers & Scrudder, Glenn S. Bass*, for appellee.