A92A1078. ADAMS v. TRUST`COMPANY BANK.
(426 SE2d 36)

McMURRAY, Presiding Judge.

Plaintiff Trust Company Bank filed this action alleging an indebtedness due from defendant Adams upon an automobile lease. Defendant answered raising several defenses including accord and satisfaction, failure to comply with the Consumer Leasing Act, 15 USC §§ 1640 and 1667, and counterclaimed seeking an award of damages and attorney fees pursuant to the Consumer Leasing Act. On opposing motions for summary judgment the superior court partially granted plaintiff's motion for summary judgment, awarding the deficiency sought under the lease. The superior court also partially granted and partially denied defendant's motion for summary judgment, awarding defendant a set-off of $1,000 under 15 USC § 1640, plus attorney fees. All issues were resolved except for the amount of the set-off of reasonable attorney fees to be awarded defendant pursuant to 15 USC § 1640 (a) (3). *Held:*

1. Defendant surrendered the vehicle to plaintiff, who sold the vehicle and based on the receipts of the sale calculated the amount due under the lease contract. Defendant presented evidence that he believed that the lease was terminated and his obligation under the lease eliminated when he turned the vehicle over to plaintiff. This understanding was clearly inconsistent with the provisions of the written lease, but defendant's evidence was that he relied on representations of plaintiff's agent that he would no longer owe on the lease if he surrendered possession and control of the said vehicle to plaintiff. Defendant's evidence also sought to establish the reasona-

---

bleness of his understanding, in that plaintiff's representative gave the impression that she had authority to terminate the lease, and knew that defendant had suffered a major heart attack.

In addressing defendant's defense of accord and satisfaction, the superior court relied upon contractual language in the lease requiring defendant to return the vehicle to plaintiff in the event of early termination of the lease or default and concluded that since "defendant was already obligated to surrender the vehicle . . ." that the alleged accord and satisfaction was not supported by consideration. See *Stamsen v. Barrett,* 135 Ga. App. 156 (217 SE2d 320). However, this evaluation is flawed by the absence of any evidence that defendant was under an obligation to return the vehicle prior to the alleged oral agreement with plaintiff's representative. In other words, there is no evidence that defendant was in default or that the parties had entered into any agreement for early termination under the terms of the lease. Thus, for purposes of reviewing the grant of summary judgment to plaintiff, we must presume that defendant was not under any prior obligation to return the vehicle to plaintiff when he entered into the alleged oral agreement with plaintiff's representative calling for termination of the lease under terms inconsistent with those stated in the written lease. It follows that the alleged oral agreement or modification of the lease did not lack consideration since such was provided by defendant's surrender of his rights under the lease including future possession and use of the vehicle. *Holliday Constr. Co. v. Sandy Springs Assoc.,* 198 Ga. App. 20, 21 (3) (400 SE2d 380). The superior court erred in granting a partial summary judgment in favor of plaintiff.

2. Defendant also complains of the partial denial of its motion for summary judgment, arguing that under *Curry Corp. v. Mooro,* 195 Ga. App. 184 (393 SE2d 33), any violation of the Consumer Leasing Act renders the lease agreement void and unenforceable. The *Curry* decision was predicated on the proposition that " ' "(w)here the terms of a contract directly involve the infraction of a civil statute not enacted for the purpose of raising revenue, and such infraction is penalized by a fine, or imprisonment or both, the contract is void and unenforceable." (Cit.)' *Couch v. Blackwell & Assoc.,* 150 Ga. App. 739 (1) (258 SE2d 552) (1979)." *Curry Corp. v. Mooro,* 195 Ga. App. 184, supra at 185. This principle may be traced back to Civil Code (1910), § 4251, which appears in our present Code as OCGA § 13-8-1. A broad review of the related case law shows that the prohibition involved is directed towards contracts founded upon immoral or illegal consideration, or where the object of the contract is illegal or against public policy. Where the illegality is only collateral or remotely connected with the contract this rule has been held inapplicable. *Shannondoah, Inc. v. Smith,* 140 Ga. App. 200 (230 SE2d 351). A contract based on

legal and binding consideration and containing an attempted waiver of a right which cannot be waived because contrary to public policy, which waiver is wholly incidental to the purposes of the contract, is severable, and the part which is legal is nevertheless enforceable. *Brenau College v. Mincey*, 68 Ga. App. 137 (22 SE2d 322). The test for determining whether a demand connected with an illegal transaction is capable of enforcement at law is whether plaintiff requires any aid from the illegal transaction to establish his case. *McAndrew v. Taylor*, 15 Ga. App. 555, 560 (83 SE 967). *Curry Corp. v. Mooro*, 195 Ga. App. 184, supra, as well as the case sub judice, involves a contract for the lease of an automobile. An entirely moral and legal object of a contract. In *Curry*, this court held that there was a direct relationship between enforcement of a lease and a failure to make the disclosures required under the Consumer Leasing Act. Upon re-examination of this position, it must be concluded that the alleged infractions of federal law are collateral to the object of the contract and are thus severable issues which do not compel a conclusion that the entire contract is void.

Furthermore, under the circumstances in *Curry Corp. v. Mooro*, 195 Ga. App. 184, supra, this court's decision in *First Citizens Bank &c. v. Owings*, 151 Ga. App. 389 (259 SE2d 747), should have been followed rather than distinguished. Under *Owings*, the proper rule is that violations of the Truth in Lending Act or the Consumer Leasing Act give rise to the remedies prescribed therein, and do not serve to invalidate the contract or prevent a lender or lessor from enforcing its rights under the contract. Id. at 391. See also *Fleming v. Fed. Land Bank &c.*, 167 Ga. App. 326, 327 (1) (306 SE2d 332); *Good Housekeeping Shops v. Hines*, 150 Ga. App. 240, 244 (4) (257 SE2d 205); *Smith v. Society Nat. Bank*, 141 Ga. App. 19, 20 (2) (232 SE2d 367).

In *Curry Corp. v. Mooro*, 195 Ga. App. 184, supra, this court lifted certain language from its proper context and misapplied it. For this reason, the holding in *Curry* must be overruled and the applicability of the correct principle in *First Citizens Bank &c. v. Owings*, 151 Ga. App. 389, supra, reconfirmed. It follows that the superior court did not err in partially denying defendant's motion for summary judgment, in part, insofar as defendant sought a ruling that the lease contract at issue was void because of violations of the Consumer Leasing Act.

*Judgment affirmed in part and reversed in part. Sognier, C. J., Carley, P. J., Pope, Beasley, Cooper, Andrews and Johnson, JJ., concur specially. Birdsong, P. J., disqualified.*

SOGNIER, Chief Judge, concurring specially.

I concur fully in Division 1 of the majority opinion and in the judgment. I write specially because I have concluded that *Curry Corp.*

*v. Mooro*, 195 Ga. App. 184 (393 SE2d 33) (1990), should be overruled not for the reason stated by the majority but because it conflicts with federal law.

Congress provided an exclusive remedy for Truth in Lending violations in 15 USC §§ 1610 (d), 1640 (a), 1667d (a). See *Burgess v. Charlottesville S & L Assn.*, 477 F2d 40, 45 (4th Cir. 1973); see also 12 CFR § 213.8 (c). Voiding the contract as a penalty for a Consumer Leasing Act violation is not a remedy included within the federal statutory scheme, 15 USC §§ 1667d (a), 1640 (a); therefore, the inconsistent state law remedy applied in *Curry* was preempted by federal law. See *American Express &c. Co. v. WEB, Inc.*, 261 Ga. 480, 482 (2), n. 4 (405 SE2d 652) (1991). Consequently, the decision in *Curry* was erroneous — not because, as the majority contends, it distinguished rather than followed *First Citizens Bank &c. v. Owings*, 151 Ga. App. 389 (259 SE2d 747) (1979), but rather because state law principles should not have been applied at all.

Accordingly, I would overrule *Curry* for the reason I have stated, not on the basis stated in the majority opinion.

I am authorized to state that Presiding Judge Carley, Judge Pope, Judge Beasley, Judge Cooper, Judge Andrews, and Judge Johnson join in this special concurrence.

DECIDED NOVEMBER 19, 1992 —
RECONSIDERATION DENIED DECEMBER 2, 1992

*Barry G. Irwin, Phillip Walsh*, for appellant.

*Stokes, Lazarus & Carmichael, Karl M. Terrell, King & Spalding, Ralph A. Pitts, Robert R. Ambler, Jr.*, for appellee.

*Long, Aldridge & Norman, Paul R. Shlanta, Bruce P. Brown*, amici curiae.