**Steve A. EASTERWOOD, Plaintiff,**

v.

**GENERAL ELECTRIC CAPITAL AUTO LEASE, INC., and Troncalli Mitsubishi, Defendants.**

**No. 1:92–cv–271–CAM.**

United States District Court,
N.D. Georgia,
Atlanta Division.

June 24, 1993.

Phillip Jamieson Walsh, Office of Phil Walsh, Atlanta, GA, for plaintiff.

Gary James Toman, Knox & Zacks, R. Clay Porter, Frederick Drew Evans, III, Stephanie F. Goff, Linda Michel FitzGerald, Dennis Corry Porter & Gray, Atlanta, GA, for defendants.

### ORDER OF COURT

MOYE, Senior District Judge.

On May 27, 1993, the Court granted defendants' motion for summary judgment with respect to count one of the complaint because the total contractual obligation exceeds the $25,000 jurisdictional ceiling imposed by the Consumer Leasing Act, 15 U.S.C.A. § 1640, and deferred ruling on defendants' motion for summary judgment on count two of the complaint pending a response by plaintiff. Doc. 23. By letter of June 8, 1993 plaintiff's counsel informed the Court that "[g]iven the Court's ruling as to the Court's lack of jurisdiction of Count One, there does not appear to be another federal statute giving this Court jurisdiction, so that Mr. Easterwood's pendent or ancillary State claims could also be considered by this Court." Doc. 24.

Under the Judicial Improvements Act of 1990, 28 U.S.C.A. § 1367(c) (West 1993), the district courts' exercise of ancillary and pendent jurisdiction, now referred to as supplemental jurisdiction, is discretionary. However, as the House Report of the Committee on the Judiciary makes clear,

> [s]ubsection 114(c) [28 U.S.C. § 1367] codifies the factors that the Supreme Court has recognized as providing legitimate bases upon which a district court may decline jurisdiction over a supplemental claim, even though it is empowered to hear the claim. Subsection (c)(1)–(3) codifies the factors recognized as relevant under current law.... As under current law, subsection (c) requires the district court, in exercising its discretion, to undertake a case specific analysis.

H.R.Rep. No. 734, 101st Cong., 2d Sess. 29, *reprinted in* 1990 U.S.C.C.A.N. 6802, 6875. Such an analysis necessarily includes

considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them. *Erie R. Co. v. Tompkins,* 304 U.S. 64 [58 S.Ct. 817, 82 L.Ed. 1188 (1938)]. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surerfooted reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims *should* be dismissed as well.

*United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) (footnotes omitted) (emphasis added).

Since the claim over which this Court had original jurisdiction has been dismissed, the Court declines to exercise its supplemental jurisdiction because what remains is a claim or theory of damages based upon Georgia law which appears to have been rejected by the Georgia Courts. 28 U.S.C.A. § 1367(c). *See Adams v. Trust Co. Bank,* 206 Ga.App. 554, 556, 426 S.E.2d 36 (1992), *cert. denied* (March 18, 1993). Comity suggests that the better course is to present this matter in state court, if indeed a state claim exists.

Moreover, since summary judgment has been granted on the federal claim before trial it is neither unfair nor inconvenient to the parties to require plaintiff to pursue his claim in state court. *See Hardy v. Birmingham Bd. of Education,* 954 F.2d 1546, 1553 (11th Cir.1992). Finally, considerations of judicial economy militate against this Court's maintaining jurisdiction.

Accordingly, the Court declines to retain jurisdiction in this case and count two of the complaint is DISMISSED without prejudice in accordance with 28 U.S.C.A. § 1367(c). The Clerk of Court is directed to enter judgment for defendants.

SO ORDERED.