A95A0004. WORKMAN v. McNEAL AGENCY, INC.
(458 SE2d 707)

BIRDSONG, Presiding Judge.

Shelby J. Freeman Workman appeals the grant of summary judgment to McNeal Agency, Inc., on her claims alleging that the McNeal Agency failed to procure insurance coverage for her property. The record shows Workman owned certain commercial property that she leased to an automobile dealership, and a provision in the lease required the dealership to hold Workman harmless from any loss. To satisfy this obligation the dealership listed Workman's property as a covered premises on the dealership's insurance policy and listed Workman as an additional named insured on the dealership's policy. Consequently, when a fire damaged Workman's property leased to the dealership, the insurance company paid the proceeds directly to

Workman.

After this fire, the dealership began discussions with its insurance agent, McNeal Agency, about renewing the dealership's insurance coverage for its various locations, including the one owned by Workman. Although it appears that the dealership may have informed McNeal Agency that it wanted the policy to list the premises as a covered location and to list Workman as an additional named insured, the policy did not do so. Consequently, when there was a second fire at the premises and Workman filed an insurance claim, the insurance company denied the claim because her property had been deleted from the coverage.

Workman then filed suit against McNeal Agency alleging that McNeal Agency breached its contractual obligation to her by failing to keep the coverage on her property in force and by failing to notify her that the coverage was not continued, and that McNeal Agency was liable for negligently failing to maintain coverage on the property until she was given notice that the coverage was not being continued. McNeal Agency's answer to the complaint stated that it had no contract with Workman and that it owed her no duty as she claimed. Subsequently, McNeal Agency was granted summary judgment on these grounds, and Workman now appeals. *Held*:

1. Workman, without citation of authority, contends that because she put McNeal Agency on notice that she wanted to continue coverage on her property under the dealership's insurance policy and that she wanted to remain an additional named insured on the tenant's policy, she created a contractual relationship with McNeal Agency as there was a clear meeting of the minds that her property would be covered. This contention is without merit.

As the party asserting the contract, Workman had the burden of proving that a contract between McNeal Agency and herself existed. *Jackson v. Easters*, 190 Ga. App. 713, 714 (379 SE2d 610). Consequently, she was required to prove that there was a subject matter of the contract, consideration, and mutual assent by the parties to all the terms of the contract. See OCGA § 13-3-1. As Workman failed to prove that McNeal Agency agreed to obtain insurance coverage on her property and she failed to prove that any consideration passed from her to the McNeal Agency, Workman failed to prove that was a contract between herself and McNeal Agency. The trial court also correctly concluded that under the facts of this case Workman was not a third-party beneficiary of the contract between McNeal Agency and the auto dealership. See *Backus v. Chilivis*, 236 Ga. 500, 502 (224 SE2d 370).

2. The trial court also did not err by ruling that McNeal Agency was not liable under a negligence theory of recovery. McNeal Agency was procuring insurance coverage for the automobile dealership, not

for Workman. Therefore, McNeal Agency had no duty to procure coverage for Workman. Thus, Workman's negligence claim must fail because she did not establish that McNeal Agency owed a duty to her to procure coverage on her property. See OCGA § 51-1-1; *Mauldin v. Sheffer*, 113 Ga. App. 874, 879-880 (150 SE2d 150). The cases cited by Workman in support of her argument are not persuasive because they concern circumstances in which an insurance agency failed to procure insurance coverage for a client. See, e.g., *Moseley v. Coastal Plains Gin Co.*, 199 Ga. App. 99 (404 SE2d 123). As McNeal Agency was not Workman's insurance agent, it had no duty to obtain insurance for her property, list her as an additional named insured, or to advise her that it had not done so.

Therefore, the trial court did not err by granting summary judgment to the McNeal Agency. Workman's remedy, if any, is against her lessee under the hold harmless provisions of the lease.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED JUNE 30, 1995.

*John R. Gaughen*, for appellant.

*Weissman, Nowack, Curry & Zaleon, Linda B. Foster, Frances R. Mathis*, for appellee.