A96A2121. NOLLEY v. MARYLAND CASUALTY INSURANCE COMPANY.

(476 SE2d 622)

ELDRIDGE, Judge.

Summary judgment was granted by the trial court to Maryland Casualty Insurance Company ("Maryland Casualty") on the ground it was not liable to the appellant, Ivie Price Nolley, under the uninsured/underinsured motorist provisions of a policy of insurance insuring Kelley Toyota, Inc. ("Kelley Toyota"), for damages she sustained as a result of a motor vehicle accident in which appellant was driving a loaner car owned by Kelley Toyota.

On September 8, 1993, appellant left her car at Kelley Toyota for repairs and was provided a loaner car for her use. At the time appellant accepted the loaner car, she had to sign a vehicle loaner agreement in which she warranted that she carried minimum liability, uninsured motorist, underinsured motorist, and collision coverage and acknowledged that she would not expect Kelley Toyota to provide any type of liability insurance, uninsured motorist, underinsured motorist, or collision coverage with respect to her use of the loaner vehicle.

On the same day, appellant was hit by defendant, Rodney Hadley, who was also driving a rental car. Hadley is a resident of Colorado.

At the time of the accident, Kelley Toyota was covered by a commercial garage insurance policy issued by Assurance Company of America, a subsidiary of Maryland Casualty. The coverage included uninsured/underinsured coverage, which was to expire January 1, 1994, and which would have covered appellant.

Appellant filed this action on August 9, 1995, under the Georgia Non-Resident Motorist Act, OCGA § 40-12-2, seeking damages for injuries she sustained as a result of the motor vehicle collision. Appellant served Maryland Casualty as the purported carrier of uninsured/underinsured motorist coverage for Kelley Toyota. Maryland Casualty answered and filed a cross-claim against Hadley.

1. In appellant's fourth enumeration of error, which this Court will address first, appellant alleges "Kelley Toyota used a back door approach to waiving insurance options that violates all notice requirements regarding the waiving of insurance under Georgia insurance law" and that the trial court violated principles of fairness

by allowing Kelley Toyota's vehicle loaner agreement to be used as a waiver of insurance.

Even though the case sub judice involves motor vehicle insurance, it does not involve the construction of a contract of insurance between an insured and his insurer and the mandates of the insurance code, but involves the construction of a bailment contract entered into between Kelley Toyota and appellant in which appellant waived certain rights she would have as a third party beneficiary to a policy of insurance issued to Kelley Toyota by Maryland Casualty in return for the use of the loaner vehicle. In response to the claim by appellant for uninsured/underinsured benefits, Maryland Casualty, as a third party beneficiary of the bailment contract, raised defenses available to Kelley Toyota.

Since this is a bailment contract between appellant and Kelley Toyota, then the contract does not need to meet any conditions imposed by statute or case law on contracts between an insured and his insurer. As long as the wording of the contract is sufficiently clear so that the intentions of the parties can be fairly ascertained and effectuated, it is sufficient to bind the parties where all essential elements of a contract are present. *Pierson v. General Plywood Corp.*, 76 Ga. App. 853 (47 SE2d 605) (1948).

2. In appellant's first enumeration of error, she alleges that "the trial court erred when it determined, as a matter of law, that autodealer (sic) Kelley Toyota's vehicle loaner agreement constituted a contract."

Under OCGA § 9-11-56, for the moving party to prevail they must show "there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

In the case sub judice, the undisputed facts show that appellant, in order to obtain a loaner vehicle, signed a vehicle loaner agreement in which she warranted that she carried minimum liability, uninsured motorist, underinsured motorist, and collision coverage and acknowledged that Kelley Toyota would not provide any of these types of insurance with respect to her use of the loaned vehicle.

The burden rests on Maryland Casualty, the party asserting the bailment contract, to prove the existence of such contract by showing "there [were] parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate." OCGA § 13-3-1; *Workman v. McNeal Agency*, 217 Ga. App. 686 (458 SE2d 707) (1995). Here, Kelley Toyota let appellant borrow or use its vehicle in consideration of her promise to carry minimum insurance coverage on such vehicle and her agreement that Kelley Toyota would not provide any

insurance coverage. The promises made by appellant were conditions precedent to Kelley Toyota performing under the terms of the bailment agreement. Once appellant had signed the vehicle loaner agreement, Kelley Toyota, in return for such consideration, provided appellant with a loaner vehicle for her use and the bailment contract between the parties was fully executed.

3. Appellant further argues that it was error for the trial court to find as a matter of law that the vehicle loaner agreement was a valid waiver of uninsured/underinsured motorist coverage by the appellant.

In summary judgments involving contract cases, the construction of a contract is a question of law for the trial court "where the language of a contract is clear and unambiguous and capable of only one reasonable interpretation as applied to the subject matter, but if any matter of fact is involved, such as the proper reading of an obscurely written word, the jury should find the fact." *Bress v. Keep-Safe Indus.*, 155 Ga. App. 544, 545 (271 SE2d 867) (1980).

In the case sub judice, when appellant signed the vehicle loaner agreement, she expressly agreed that Kelley Toyota would not provide her with "any type of liability insurance, uninsured motorist, underinsured motorist, or collision coverage" in connection with appellant's use of the loaner vehicle. It is not necessary for a particular word to be used for the trial court to determine the intent of the parties to a contract; it is only necessary that the intent of the parties be clear. See *Batson-Cook Co. v. Ga. Marble Setting Co.*, 112 Ga. App. 226 (144 SE2d 547) (1965). There is no other possible construction of this provision of the bailment contract other than that appellant rejected or waived any insurance coverage Kelley Toyota had on the vehicle and that such waiver extended to Maryland Casualty as third party beneficiary of such contract. The fact that the words "waive" or "waiver" do not appear in the contract does not prohibit the trial court from construing such provision as a matter of law since the language of the contract as written is clear, unambiguous, and capable of only one reasonable interpretation.

Under Georgia law, the owner of any vehicle must carry a minimum coverage of liability insurance. OCGA §§ 33-34-3; 33-34-4. Georgia law does not require an owner of a vehicle to purchase a minimum amount of uninsured/underinsured motorist insurance coverage. Uninsured/underinsured motorist insurance is not mandatory and therefore can be waived or rejected in writing by the insured to the insurer. OCGA § 33-7-11 (a) (3). Since Kelley Toyota was not required by law to carry uninsured/underinsured motorist insurance, then it could not be required as a matter of law to offer such insurance to appellant. Appellant, when she signed the vehicle loan agreement, effectively waived any such coverage that would have been

available to her as a third party beneficiary of Kelley Toyota's contract of insurance with Maryland Casualty.

4. In the third enumeration of error, appellant alleges that the trial court erred when, under the guise of construing and enforcing the contract, it struck out the words "liability insurance" from the vehicle loaner agreement, effectively revising the contract to provide appellant with mandatory liability insurance, and finding the remainder of the contract valid and enforceable.

Contracts are void in this state which are in violation of a statute or are against public policy. OCGA § 13-8-2. Liability insurance, to be procured by the owner of any vehicle, is mandatory by statute and cannot be waived by the insured. OCGA §§ 33-34-3; 33-34-4. However, as this Court has previously discussed in appellant's second enumeration of error, uninsured/underinsured motorist coverage can be waived by the insured, and there is no obligation on the owner of a vehicle to provide such coverage to a driver of his vehicle. Any coverage of this nature can also be waived by a third party beneficiary of the policy. Likewise, since an owner of a vehicle is not mandated by statute to carry collision insurance, such coverage may also be waived by a third party beneficiary.

The question before this Court is whether or not the vehicle loaner agreement can be severed to eliminate the waiver by appellant of Kelley Toyota's liability insurance, which would violate both statute and public policy, and allow the remainder of the contract, which does not violate a statute or public policy, to remain enforceable. Under OCGA § 13-1-8 (a), a contract may be severed if "the failure of a distinct part does not void the remainder." "In determining whether the contract is entire or severable, the criterion is to be found in the question whether the whole quantity, service or thing — all as a whole — is of the essence of the contract." *Burns v. Mitchell*, 55 Ga. App. 862 (191 SE 870) (1937). "A contract based on legal and binding consideration and containing an attempted waiver of a right which cannot be waived because contrary to public policy, which waiver is wholly incidental to the purposes of the contract, is severable, and the part which is legal is nevertheless enforceable." *Adams v. Trust Co. Bank*, 206 Ga. App. 554, 555-556 (426 SE2d 36) (1992) citing *Brenau College v. Mincey*, 68 Ga. App. 137, 138 (22 SE2d 322) (1942).[1] In the case sub judice, the consideration for the agreement was that appellant would waive any insurance coverage Kelley Toyota had to which she would be a third party beneficiary. Even with the trial court severing from the contract appellant's waiver of

---

[1] Appellant, within her third enumeration, alleges the trial court erroneously relied on *Adams*, supra. While the facts in *Adams* are not on all fours with the case sub judice the relevant law necessary to deciding this case is applicable to both fact patterns.

liability insurance, the consideration for the contract would remain essentially the same; such consideration is now appellant's waiver of any insurance that Kelley Toyota is not required to provide, but had provided to her as a third party beneficiary. Kelley Toyota had fully performed under the terms of the contract; to sever the portion of the contract, which is void by public policy, would effectuate the intent of the parties, i.e., the waiver by appellant of any insurance that Kelley Toyota had, which could be legally waived, was now given in consideration for the use of the loaner vehicle.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 9, 1996 —
RECONSIDERATION DENIED SEPTEMBER 26, 1996 —

*James Brantley*, for appellant.

*Long, Weinberg, Ansley & Wheeler, Kenneth M. Barre, Sharon B. Austin*, for appellee.